Milo Steven Marsden
Adam C. Buck
DORSEY & WHITNEY
LLP
111 S MAIN ST 21ST FL
SALT LAKE CITY, UT
84111-2176
(801) 933-7360
marsden.steve@dorsey.com
buck.adam@dorsey.com

*Attorneys for Defendants
National Collegiate Student
Loan Trust 2006-3 and U.S.
Bank National Association*

JONES DAY
Albert J. Rota (admitted *pro
hac vice*)
Dan Syed (admitted *pro hac
vice*)
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com
dsyed@jonesday.com

*Attorneys for U.S. Bank
National Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JAMES T. SNARR,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**TRANSWORLD SYSTEM, INC., U.S. BANK, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,**<br><br>    **Defendants.** | **U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM IN SUPPORT**<br><br>**Case No. 2:21-cv-00003**<br><br>**District Judge Howard C. Nielson, Jr.**<br>**Magistrate Judge Dustin B. Pead** |

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................ iii

I. BACKGROUND ......................................................................................1

    A. The Trusts .........................................................................................1

    B. The Present Dispute ..........................................................................3

II. LEGAL STANDARD ..............................................................................4

III. ARGUMENT ............................................................................................4

    A. Snarr Alleges No U.S. Bank Conduct – Nor Can He ...........................4

        1. Snarr's Civil Conspiracy Claim Additionally Fails
            Against U.S. Bank Because There Was No Overt Act ...............5

    B. Snarr Cannot Hold U.S. Bank Liable for the Conduct of
       Other Defendants ...............................................................................6

IV. CONCLUSION .........................................................................................9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*CFPB v. Nat'l Collegiate Master Student Tr.*,
  No. 17-1323 (MN), 2020 WL 2915759 (D. Del. May 31, 2020) ......................... 8

*Corrigan v. Bd. of Trustees of Metro. State Univ. of Denver*,
  19-cv-02475-CMA-NYW, 2020 WL 3567049
  (D. Colo. July 1, 2020) ....................................................................... 9

*GFF Corp. v. Associated Wholesale Grocers, Inc.*,
  130 F.3d 1381 (10th Cir. 1997) ......................................................... 9

*Gildea v. Guardian Title Co. of Utah*,
  970 P.2d 1265 (Utah 1998) ................................................................ 7

*In re Nat'l Collegiate Student Loan Tr. Litig.*,
  No. 12111-VCS, 2020 WL 5049402 (Del. Ch. Ct. Aug. 27, 2020) .................... 8

*Jackson v. Philip Morris Inc.*,
  46 F. Supp. 2d 1217 (D. Utah 1998) ................................................... 6

*Merrill v. Transworld Sys.*,
  No. 1:20-cv-00183, *report and recommendation adopted*,
  2021 WL 210715 (W.D. Mich. Jan. 21, 2021) ...................................... 7, 8

*Orient Mineral Co. v. Bank of China*,
  506 F.3d 980 (10th Cir. 2007) ............................................................ 5

*Saudi Arabia v. Nelson*,
  507 U.S. 349 (1993) ......................................................................... 6

*Spence v. Basic Research*,
  No. 2:16-CV-925-CW, 2018 WL 1997310 (D. Utah Apr. 27, 2018) ................. 6

*Stamper v. Johnson*,
  2010 UT 26, 232 P.3d 514 (2010) ........................................................................7

*Toone v. Wells Fargo Bank, N.A.*,
  716 F.3d 516 (10th Cir. 2013) ........................................................................2, 9

**RULES**

Fed. R. Civ. P. 12 ..................................................................................................1, 2

Fed. R. Civ. P. 9 ....................................................................................................5, 6

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") requests this Court dismiss Plaintiff James T. Snarr's Complaint (ECF No. 2) in its entirety, with prejudice. U.S. Bank submits this separate, individual brief in addition to the joint motion to dismiss it filed concurrently with the Trust ("Joint Brief").

## I.       BACKGROUND

### A.       The Trusts.

To illustrate why Snarr has no claims against U.S. Bank, it is important to examine the contractual relationship between U.S. Bank and National Collegiate Student Loan Trust 2006-3 ("the Trust") in this case. As Snarr alleges, the Trust is one of a number of Delaware Statutory Trusts formed between 2003 and 2007 for the purpose of acquiring certain loans and issuing debt securities through Indentures. *See* Compl. ¶ 7. These Trusts have no officers or directors and act exclusively through agents or contractors with specific duties, as set forth in a series of agreements. *See id.* ¶¶ 26–27.

Servicers collect amounts due on the loans on behalf of the Trusts. For delinquent and default loan servicing, the Trusts' Owner Trustee, acting on behalf of the Trusts, entered into a Special Servicing Agreement with First Marblehead Education Resources, Inc. ("FMER") to act as Special Servicer. *See* Ex. A, Special

Servicing Agreement ("SSA") § 2.A.[1] The SSA appointed U.S. Bank as the "Back-Up Special Servicer" to assume the role of Successor Special Servicer in the event FMER resigned or was unable to perform. *Id.* § 8.A. But unlike FMER, as Successor Special Servicer, U.S. Bank assumed *only* the rights, duties, and obligations of the initial Special Servicer "to the extent expressly required to be assumed and performed by the Back-Up Special Servicer under this Agreement." *Id.* And under the SSA, U.S. Bank is expressly *prohibited* from directly undertaking special servicing activities and has no duty to monitor or supervise such activities. *See id.* ("[N]othing … shall be construed to require *or permit* the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities …."); *id.* § 8.D (U.S. Bank is not required to "supervise or monitor the performance" of Servicers or Subservicers and "shall have no liability for the acts or omissions of any such Servicer or Subservicer."). Because of these provisions, FMER simultaneously retained Defendant Transworld System Inc.'s ("TSI") predecessor-in-interest, NCO Financial Systems Inc. ("NCO"), as

---

[1] Snarr relies on and expressly references the SSA in his Complaint. *See* Compl. ¶ 14. He also makes several allegations that directly implicate U.S. Bank's contractual relationship with Defendant TSI, *see, e.g.*, *id.* ¶¶ 11, 14–17, 21–22, as memorialized in the TSI Agreement attached as an exhibit and incorporated by reference into the SSA. Consideration of these documents is therefore proper under Rule 12. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) ("Courts are permitted to review documents referred to in the complaint if the documents are central to the plaintiff's claim . . . ." (internal quotes omitted)).

Special Subservicer to manage special servicing on behalf of the Trusts in the event U.S. Bank became Successor Special Servicer. *See generally* Ex. B, Default Prevention and Collection Services Agreement ("TSI Agreement"). In turn, the TSI Agreement expressly provides that TSI will act as an "independent contractor[]" for the Trusts. *Id.* § 11.4; *see also* Ex. A, SSA § 2.B(i), (viii).

When FMER resigned in 2012, U.S. Bank automatically became the Successor Special Servicer, and NCO's role as Special Subservicer became operative. Because U.S. Bank is contractually prohibited from undertaking collection activities and has no duty to monitor or supervise subservicers, Turnstile Capital Management, LLC, was engaged as an independent contractor to perform certain special-servicing responsibilities on behalf of the Trusts. And, in 2014, NCO was succeeded by TSI to manage delinquent and default loan servicing for the Trusts. *See* Compl. ¶ 34.

### B. The Present Dispute.

Snarr took out a loan and then defaulted by not paying the amounts owed. *See* Compl. ¶ 5. The Trust, as owner of the loan, attempted to collect on the loan through its Subservicer, TSI, and eventually sued Snarr in state court. *See id.* ¶¶ 38– 39. Snarr alleges that the Trust could not substantiate the loan based on an allegedly false affidavit from TSI. *See id.* ¶¶ 41–44. A judgment of default was entered

against Snarr after he failed to appear for nearly ten months from the time he was served. *See generally* Joint Br. Exs. A–B, filed concurrently. Snarr now brings claims against the Defendants stemming from the collections attempt. Snarr's allegations concerning U.S. Bank lack specificity and are based entirely on unproven allegations borrowed from plaintiffs in other cases that have no connection to this case.

## II.    LEGAL STANDARD

U.S. Bank incorporates the "Legal Standard" section of the concurrently filed Joint Brief by reference, as if fully set forth herein.

## III.    ARGUMENT

For the reasons set forth in the Joint Brief and those set forth below, all claims against U.S. Bank should be dismissed. The claims against U.S. Bank fail because Snarr has not alleged (and cannot allege) *any* conduct *by U.S. Bank*—never mind *actionable* conduct—nor can he allege that U.S. Bank would be liable for the conduct of *any other Defendant*.

### A.    Snarr Alleges No U.S. Bank Conduct—Nor Can He.

Snarr's claims against U.S. Bank should be dismissed because he does not identify any actions U.S. Bank took with respect to the servicing of his debt or the ensuing state-court suit. Nor can he, for U.S. Bank is expressly *prohibited* from

directly undertaking special servicing activities and has no duty to monitor or supervise such activities. Ex. A, SSA § 8.A ("[N]othing … shall be construed to require *or permit* the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities …."); *id.* § 8.D (U.S. Bank is not required to "supervise or monitor the performance" of Servicers or Subservicers and "shall have no liability for the acts or omissions of any such Servicer or Subservicer."). Snarr's inability to identify any actionable conduct *by U.S. Bank* provides further grounds to dismiss his claims with prejudice.

### 1. Snarr's Civil Conspiracy Claim Additionally Fails Against U.S. Bank Because There Was No Overt Act.

In addition to the reasons set forth in Part III of the Joint Brief, Snarr's civil conspiracy claim against U.S. Bank fails because he cannot establish that U.S. Bank took an "unlawful, overt act" in furtherance of the alleged conspiracy. *See Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 1004 (10th Cir. 2007) (identifying the elements of a civil conspiracy claim). Snarr's scattered allegations that U.S. Bank "aided and abetted" the conduct of other Defendants, *see, e.g.*, Compl. ¶¶ 16, 21–23, 40, 58, are insufficient precisely because they fail to allege any facts or identify any actions U.S. Bank took to do so. Moreover, because conspiracy claims require *overt* acts, *see Orient Mineral*, 506 F.3d at 1004, Snarr's allegations regarding "non-actions" are futile. *See, e.g.*, Compl. ¶ 23. And to the extent Snarr premises his

claim on allegedly fraudulent conduct, his allegations certainly do not rise to level of specificity required by Rule 9. *See, e.g.*, *Spence v. Basic Research*, No. 2:16-CV-925-CW, 2018 WL 1997310, at *4 (D. Utah Apr. 27, 2018) (unpublished) ("Although UCSPA does not necessarily require fraudulent conduct, here Spence alleges the actionable conduct was fraudulent; therefore she must satisfy Rule 9(b)."); *Jackson v. Phillip Morris Inc.*, 46 F. Supp. 2d 1217, 1222 (D. Utah 1998) ("[P]laintiffs' allegations of misrepresentation and deception places its UCSPA claim within the Rule 9(b) categorization of fraud and [are] therefore subject to the requirement of pleading with particularity."). Accordingly, for the reasons set forth here and in Part III of the Joint Brief, Count I should be dismissed with prejudice against U.S. Bank.

### B. Snarr Cannot Hold U.S. Bank Liable for the Conduct of Other Defendants.

Snarr's allegations that U.S. Bank should be "vicariously liable" for TSI's conduct also fail. First, as discussed in detail below, U.S. Bank does not have an agency or any other vicarious liability relationship with TSI. Second, to the extent Snarr's claims against TSI or the Trust are barred, Snarr cannot then sue U.S. Bank for the same conduct under a vicarious liability theory. *See, e.g.*, *Saudi Arabia v. Nelson*, 507 U.S. 349, 376 (1993) (Kennedy, J., concurring in part) ("[J]udgment in an action against either party to a vicarious liability relationship establishe[s]

preclusion in favor of the other." (first quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4463, p. 567 (1981); then citing Restatement (Second) of Judgments § 51 (1982))).

U.S. Bank cannot be held vicariously liable for any of Snarr's claims under agency principles. "To be an agent, a person must be authorized by another to act on his behalf and subject to his control." *Stamper v. Johnson*, 2010 UT 26, ¶ 18, 232 P.3d 514, 518 (quoting *Gildea v. Guardian Title Co. of Utah*, 970 P.2d 1265, 1269 (Utah 1998)). Under Utah law, agency requires three elements: (1) a manifestation by the principal that the agent would act on the principal's behalf, (2) the agent's acceptance of the proposed undertaking, and (3) an understanding of the parties that the principal is to be in control of the undertaking. *Id.* ¶ 19.

Contrary to Snarr's allegations, TSI does not "act[] on behalf of" U.S. Bank, *see* Compl. ¶ 6, but rather acts "on behalf of" the Trusts directly as an independent contractor, *see* Ex. B, TSI Agreement § 11.4; Ex. A, SSA §§ 8.D, 2.B(i), (viii). As the Western District of Michigan just held, nearly identical allegations that U.S. Bank "collects debts through TSI" amount to "a bare legal conclusion that falls far short of nudg[ing] their claim[] [against U.S. Bank] across the line from conceivable to plausible." *See* Ex. C, *Merrill v. Transworld Sys. Inc.*, No. 1:20-cv-00183, R. &. R., Dkt. 28, at 21, *adopted*, 2021 WL 210715 (W.D. Mich. Jan. 21, 2021); *accord*

Compl. ¶ 6 (conclusory allegation that "TSI is a debt collector which acts on behalf of [U.S.] Bank").[2]

Moreover, Snarr cannot allege any facts supporting U.S. Bank's right to control TSI's collections activities—and to the extent Snarr attempts to, such assertions are directly contradicted by the relevant agreements and should be disregarded. First, U.S. Bank cannot control TSI's collections activities because the SSA expressly prohibits it from engaging in servicing activities. Ex. A, SSA §§ 8.A (prohibiting U.S. Bank from "undertak[ing] direct collection or enforcement activities"); *see also* Ex. C, *Merrill*, R. &. R., at *1, 22–23 ("Reading [the SSA and the TSI Agreement] together supports the conclusion that the parties did not intend U.S. Bank to perform debt collection duties should it become the Successor Special Servicer."). Second, the SSA expressly states that U.S. Bank is not required to "supervise or monitor the performance" of Servicers or Subservicers, including TSI.

---

[2] Snarr's other conclusory allegation that "TSI is an agent of U.S. Bank," Compl. ¶ 14, fares no better, as it is pasted from a "verified amended complaint" filed by the Trust's "residual" owners in the Chancery Court of Delaware, *see id.* ¶¶ 12–16. On May 31, 2020—before Snarr filed his complaint—the District of Delaware, in another case, held that the Trust's owners have no authority to act in the Trust's name without directing the Trust's Owner Trustee. *See CFPB v. Nat'l Collegiate Master Student Tr.*, No. 17-1323 (MN), 2020 WL 2915759, at *3 (D. Del. May 31, 2020) (unpublished); *see also In re Nat'l Collegiate Student Loan Tr. Litig.*, No. 12111-VCS, 2020 WL 5049402, at *37–40 (Del. Ch. Ct. Aug. 27, 2020) (unpublished). Thus, the verified amended complaint was filed without authorization, and Snarr's quotations cannot be construed as "admissions" here. *See* Compl. ¶ 48 (contrarily alleging that the "consent judgment" filed in that case was "a knowing statement by a party and admission against interest").

Ex. A, SSA § 8.D.  The Court should ignore Plaintiff's contradictory allegations.[3] *See Toone*, 716 F.3d at 521 (affirming dismissal where "the face of the Note contradicts the Toones' allegations"); *see e.g.*, Compl. ¶ 11 (U.S. Bank "had the duty to properly supervise and control the activities of [TSI] and its Attorney Network"). Therefore, U.S. Bank cannot be vicariously liable for TSI's alleged misconduct, and all claims should be dismissed as against U.S. Bank.

## IV.   CONCLUSION

For the reasons stated above and in the Joint Brief, the Court should dismiss Plaintiff's Complaint in its entirety.

---

[3] "If the factual allegations of a complaint contradict a properly considered document attached to a motion to dismiss, then the factual allegations are not well-pleaded, and a court does not have to take them as true."  *See Corrigan v. Bd. of Trustees of Metro. State Univ. of Denver,* 19-CV-02475-CMA-NYW, 2020 WL 3567049, at *4 (D. Colo. July 1, 2020) (unpublished) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1385 (10th Cir. 1997)).

Dated: February 17, 2021

DORSEY & WHITNEY LLP

 /s/ *Adam C. Buck*
Milo Steven Marsden
Adam C. Buck
*Attorneys for Defendants National*
*Collegiate Student Loan Trust 2006-3*
*and U.S. Bank National Association*

JONES DAY
Albert J. Rota
(admitted *pro hac vice)*
Dan Syed
(admitted *pro hac vice)*
*Attorneys for U.S. Bank National*
*Association*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 17th day of February, 2021, a true and correct copy of the foregoing **U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM IN SUPPORT** was served upon counsel of record via the Court's electronic filing system.

*/s/ Adam C. Buck*