Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
11167 S. Aspen Peak Dr.
South Jordan, UT 84095
(708) 715-2234
dan@bskilaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| JAMES T. SNARR,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEM, INC., U.S. BANK, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO U.S. BANK'S MOTION TO DISMISS**<br><br>Case No: 2:21-cv-00003-HCN<br><br>Judge: Howard C. Nielson, Jr.<br><br>(ORAL ARGUMENT REQUESTED) |

Plaintiff hereby submits his memorandum in opposition to U.S. Bank's Motion to Dismiss. (D.E. 27).

## **INTRODUCTION**

Plaintiff alleges a conspiracy by National Collegiate Student Loan Trust, U.S. Bank (the Trust's Special Servicer), and TSI (the Trust's sub-servicer) to file debt collection lawsuits premised on false and fabricated affidavits. Tens of thousands of these suits have been filed across the Country even though the parties know they lack the evidence to meet their burden of proof. They do so knowing the majority of actions will result in defaults.

Plaintiff has filed suit against the Defendants, alleging a conspiracy to violate state and federal debt collection laws in their pursuit of a profit. As to US Bank's liability, Plaintiff alleged it was a participant in the conspiracy and that it is further liable for NCSLT and TSI's conduct under agency principles.

U.S. Bank moves for dismissal claiming it has no liability for the Trust and sub-servicer it hired. Though a motion to dismiss, U.S. Bank submits near two hundred pages of documents in a premature attack on the factual allegations in Plaintiff's complaint. The inclusion of this evidence, and the arguments premised on these documents, leaves the Court with two options: (1) strike the extraneous material and review the sufficiency of the allegations; or (2) convert the motion into one for summary judgment and allow the parties to first conduct discovery. Under either scenario, Plaintiff prevails on the motion to dismiss.

## GENERAL ALLEGATIONS AGAINST U.S. BANK (RE: PRINCIPAL - AGENCY RELATIONSHIP

1. U.S. Bank was designated as a Back-Up Special Servicer to the Trusts, a Back-Up to First Marblehead Education Resources, Inc. ("FMER"). In 2012, FMER resigned as Special Servicer and US Bank assumed that role. Complaint at ¶ 10.

2. U.S. Bank National Association serves as the "indenture trustee" for the NCSLT 2006-3 Trust. *Id* at ¶ 9.

3. U.S. Bank, rather than perform as Special Servicer, delegated its responsibilities… *Id* at ¶ 11.

4. Defendant Transworld Systems, Inc. ("Transworld") is a debt collector which acts on behalf of US Bank for the NCSLT Trust and is engaged in the business of a collection agency. *Id* at ¶ 6.

5. TSI is an agent of U.S. Bank as Special Servicer. *Id* at ¶ 14.

6. Under the Special Servicing Agreement, U.S. Bank was responsible for 'the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans…" *Id*.

7. "U.S. Bank's duties further included monitoring the performance of [the sub-servicer] and replacing it if it was deficient or negligent in performing its duties." *Id* at ¶ 15.

8. U.S. Bank was in a position to prevent and avoid the unfair and deceptive acts and practices performed by Transworld… *Id* at ¶ 16.

9. U.S. Bank had a duty to prevent and avoid such unfair and deceptive acts and practices… *Id* at ¶ 16.

## **OBJECTION TO US BANK'S "BACKGROUND" SECTION**

US Bank's Background section is not limited to the allegations in the Complaint. Rather, Defendant has attached nearly two hundred pages in documents as exhibits and cites to said exhibits liberally, including a Special Service Agreement (D.E. 27-1) and a Default Prevention and Collection Services Agreement. (D.E. 72-2). The Court cannot consider TSI's attached assignments because they are "matters outside the pleadings". Fed. R. Civ. P 12(d). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56". *Id.*

It is reversible error for the Court to consider evidence outside the complaint but not convert the motion to dismiss into a motion for summary judgment. *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). The Court, therefore, can only consider the exhibits on a motion for summary judgment – after Plaintiff has had an opportunity conduct discovery and present pertinent information. Fed. R. Civ. Proc. 12(d).

Defendant US Bank argues (in a footnote) that the Court can consider the exhibits because Plaintiff "explicitly relies upon the SSA [Special Services Agreement] (*see* Compl. ¶ 14), the SSA includes an exhibit that is integral to that document, the TSI Agreement". (D.E. 27, fn 1). But while courts can consider documents "referenced in the complaint" and "central to the claim", US Bank's exhibits do not fit the bill. *Layton v. Experian Info. Sols., Inc.*, 2020 WL 6423835 (D. Utah Nov. 2, 2020).

Neither the SSA nor TSI Agreement is referenced in the Complaint. US Bank admits the TSI Agreement is not referenced but points the Court to ¶ 14 for the SSA. However, that paragraph merely quotes allegations included in a gross negligence and wrongful conduct action filed by the NCSLT Trusts against U.S. Bank: "[t]o the contrary, TSI is an agent of U.S. Bank as Special Servicer. Under the Special Servicing Agreement, U.S. Bank was responsible for 'the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans...'". Plaintiff's reference is to the allegations in the lawsuit, not the SSA itself.

Moreover, this single reference is insufficient for the Court to consider the SSA on a motion to dismiss. The Court can consider documents referenced by a plaintiff because extensive reliance results in the document becoming part of the basis for plaintiff's claims. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). But "the mere mention of the existence of a document is insufficient to incorporate the contents of a document" into the pleadings. *Id*. This single reference, derived from allegations in another suit, constitutes a "mere mention" and does not allow Defendant the opportunity to assimilate the exhibit into its brief.

Finally, the documents are not central to the claims that Defendants filed suits dependent on fraudulent affidavits. Accordingly, US Bank cannot rely on these documents without converting the motion into one for summary judgment.

## ARGUMENT

**I.    U.S Bank is liable because it participated in a conspiracy which included an overt act committed by a co-conspirator.**

US Bank argues it is not liable under any claim because Plaintiff has not pointed to any tortious acts committed by US Bank. Wrong. Plaintiff claims US Bank participated in a conspiracy to commit UCSPA violations and is vicariously liable for the acts of its agents. These are viable grounds for US Bank's liability.

As to the civil conspiracy claim, US Bank argues it further cannot be liable because it did not commit an over act in furtherance of the conspiracy. While true that a civil conspiracy requires "one or more unlawful, overt acts", "it is not necessary that each member of the conspiracy commit an unlawful act in furtherance of the conspiracy to be

liable". *See Orient Min. Co. v. Bank of China*, 506 F.3d 980, 1004 (10th Cir. 2007); *Lawrence v. Intermountain, Inc.*, 2010 UT App 313, ¶ 12 n.4, 243 P.3d 508.

Accordingly, US Bank can be liable if any of its co-conspirators committed an unlawful act. Plaintiff has alleged as much. TSI committed an unlawful act when it fabricated affidavits for purposes of debt collection. Additionally, NCSLT committed an unlawful act when it knowingly submitted fabricated affidavits to the courts to justify default judgments. US Bank's co-conspirators committed overt acts in furtherance of the conspiracy, so US Bank is also liable for the conspiracy.[1]

## II. US Bank can be held vicariously liable for the conduct of NCSLT and TSI.

US Bank also argues it cannot be held liable for the other Defendants' conduct because there is no principal-agent relationship. Its arguments are devoted to TSI as US Bank apparently concedes it is in a principal-agent relationship with the Trust is services. As such, US Bank is liable for the conduct of its agent NCSLT.[2] *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1249 (10th Cir. 2013).

---

[1] Defendant suggests that to the extent Plaintiff's claims are premised on fraudulent conduct, the allegations do not satisfy Fed. R. Civ. Proc 9(b)'s heightened pleading requirements. Plaintiff's claims are not premised on fraud, but rather violations of the Utah Consumer Sales Practices Act and Fair Debt Collection Practices Act. Neither cause of action is premised in fraud, but rather deceptive and unconscionable practices. However, to the extent 9(b) is applicable, Plaintiff respectfully submits the standard has been met as the Complaint identifies with specificity the fraudulent statement made (the collection action affidavit) and the how and when surrounding its presentation.

[2] Defendant argues it should be entitled to judgment if the Court finds any of the claims against either party to be barred for any reason. US Bank however misrepresents the connection between agency and principal liability. There are some situations where judgment in an agent's favor will excuse the principal from liability i.e. a finding that the agent did not commit a violative act. But a procedural bar to Plaintiffs claim as to an agent may not equally bar a claim as to the principal.

As to the sub-servicer TSI (which US Bank hired to assist its agent NCSLT in collection), US Bank claims there is no vicarious liability relationship because it cannot exert control over the agent. *Stamper v. Johnson*, 2010 UT 26, ¶ 18, 232 P.3d 514, 518 (requiring the principal to exert some control of agent's conduct to justify the principal's liability). US Bank's arguments are generally premised on the exhibits it submitted. The exhibits constitute matters outside of pleadings and are therefore inappropriate for consideration on a motion to dismiss. Fed. R. Civ. P 12(d). Moreover, Defendant's arguments contest the allegations that US Bank has control over TSI and are also inappropriate at this stage of litigation. Defendant's argument regarding agency should be rejected.

Plaintiff's allegation that US Bank "was responsible for 'the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans…" and its duties included monitoring the performance of [the sub-servicer] and replacing it if it was deficient or negligent in performing its duties" evidence sufficient control to establish an agency relationship.

## **CONCLUSION**

Plaintiff respectfully requests the Court deny US Bank's motion to dismiss. But to the extent the Court finds the allegations regarding agency were insufficiently plead, the Plaintiff respectfully requests the Court dismiss the basis for liability without prejudice to

allow Plaintiff an opportunity to remedy the error.

DATED this 31st day of March, 2021.

                                                        BACZYNSKI LAW, PLLC

                                                        /s/ Daniel Baczynski
                                                        Daniel Baczynski
                                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of March, 2021. I caused a true and correct copy of this **PLAINTIFF'S OPPOSITION TO US BANK'S MOTION TO DISMISS** to be served on all parties of record through the Court's electronic filing system to the following:

George W. Burbidge II, #6503
CHRISTENSEN & JENSEN, P.C.
275 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
George.burbidge@chrisjen.com
*Attorney for Transworld Systems Inc.*

Milo Steven Marsden (4879)
Adam C. Buck (12043)
DORSEY & WHITNEY LLP
111 South Main Street, 21st Floor
Salt Lake City, UT  84111
Telephone: (801) 933-7360
marsden.steve@dorsey.com
buck.adam@dorsey.com


/s/      Daniel Baczynski