Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
11167 S. Aspen Peak Dr.
South Jordan, UT 84095
(708) 715-2234
dan@bskilaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| JAMES T. SNARR,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEM, INC., U.S. BANK, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,<br><br>    Defendants. | **PLAINTIFF'S OPPOSITION TO TSI'S MOTION TO DISMISS**<br><br>Case No: 2:21-cv-00003-HCN<br><br>Judge: Howard C. Nielson, Jr.<br><br>(ORAL ARGUMENT REQUESTED) |

Plaintiff hereby submits his memorandum in opposition to TSI's Motion to Dismiss. (D.E. 28).

## **INTRODUCTION**

Defendants filed a collection suit against Plaintiff without the records to substantiate the debt. Defendants have known for years that they lack the necessary documentation to meet their burden of proof, yet they continue to file collection actions because they know more than 75% of cases will result in a default judgment. When Plaintiff did not appear, Defendants moved for a default judgment supported by a fraudulent affidavit prepared by TSI.

Defendants obtained their judgment, and now TSI claims Plaintiff' is barred from attempting to hold Defendant liable because Plaintiff has been found to owe the debt. But if a consumer owes a debt, is the creditor entitled to pursue any means to recover the balance? Surely not. Both the Fair Debt Collection Practices Act (FDCPA) and the Utah Consumer Sales Practices Act (UCSPA) bar from deceptive and unconscionable collection efforts, regardless of the validity of the debt.

When Defendants lost or destroyed the necessary records to substantiate their claims, they lost their ability to pursue litigation as an avenue for collection. Defendants may maintain a right to seek payment, and Plaintiff still may owe the debt, but Defendants could no longer invoke the judiciary to aid its collection efforts. Defendants, however, continued filing actions, withholding from consumers and courts their inability to substantiate the debts. Even worse, TSI prepared fraudulent affidavits to advance its collection efforts. Defendants' method of collection violates both federal and state law, and TSI should be held liable for its role. Its Motion to Dismiss should be denied.

## THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[1] "Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer."[2]

---

[1] 15 U.S.C. § 1692(e).
[2] *Johnson v. Riddle,* 305 F.3d 1007, 1117 (10th Cir.2002).

FDCPA operates based on three guiding principles. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. The FDCPA also provides a list of behaviors that per se qualify as "a violation of this section," including: (i) "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and (ii) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer." 15 U.S.C. § 1692e.

## THE UTAH CONSUMER SALES PRACTICES ACT

The Utah Consumer Sales Practices Act (UCSPA) "generally prohibits [either] deceptive or unconscionable acts or practices by a supplier in connection with a consumer transaction."[3] By its own terms, "[t]he UCSPA 'shall be construed liberally' to 'protect consumers from suppliers who commit deceptive and unconscionable sales practices."[4] "[A]ttorneys and law firms that are regularly engaged in the business of

---

[3] *Carlie v. Morgan*, 922 P.2d 1, 5-6 (Utah 1996)
[4] *Reid v. LVNV Funding, LLC*, No. 2:14CV471DAK, 2016 U.S. Dist. LEXIS 7233, 2016 WL 247571, at *6 (D. Utah Jan. 20, 2016).

collecting consumer debt can be suppliers under the UCSPA".[5] And "[a] supplier who violates the UCSPA can be liable to the consumer for damages and court costs."[6]

## RESPONSE TO FACTUAL BAKGROUND

Plaintiff objects to TSI's Factual Background section because it is littered with references exhibits not incorporated in the operative complaint. The Court cannot consider TSI's attached assignments because they are "matters outside the pleadings". Fed. R. Civ. P 12(d). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56". *Id*. It is reversible error for the Court to consider evidence outside the complaint but not convert the motion to dismiss into a motion for summary judgment. *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). The Court, therefore, can only consider the exhibits on a motion for summary judgment – after Plaintiff has had an opportunity conduct discovery and present pertinent information. Fed. R. Civ. Proc. 12(d).

Defendant TSI argues (in a footnote) that the Court can consider the exhibits because Plaintiff "explicitly relies upon the SSA [Special Services Agreement] (*see* Compl. ¶ 14), the SSA includes an exhibit that is integral to that document, the TSI Agreement". (D.E. 28, fn 1). But while courts can consider documents "referenced in the

---

[5] *Brown v. Constantino*, No. 2:09CV357DAK, 2009 U.S. Dist. LEXIS 100552, 2009 WL 3617692, at *4 (D. Utah Oct. 27, 2009)
[6] *Burnett v. Mortgage Registration Sys., Inc.*, 706 F.3d 1231, 1241 (10th Cir. 2013); see also Utah Code Ann. § 13-11-19(2).

complaint" and "central to the claim", Defendant's exhibits do not fit the bill. *Layton v. Experian Info. Sols., Inc.*, 2020 WL 6423835 (D. Utah Nov. 2, 2020).

Neither the SSA nor TSI Agreement is referenced in the Complaint. TSI admits the TSI Agreement is not referenced but points the Court to ¶ 14 for the SSA. However, that paragraph merely quotes allegations included in a gross negligence and wrongful conduct action filed by the NCSLT Trusts against U.S. Bank: "[t]o the contrary, TSI is an agent of U.S. Bank as Special Servicer. Under the Special Servicing Agreement, U.S. Bank was responsible for 'the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans...'". Plaintiff's reference is to the allegations in the lawsuit, not the SSA itself.

Moreover, this single reference is insufficient for the Court to consider the SSA on a motion to dismiss. The Court is allowed to consider documents referenced by a plaintiff because extensive reliance results in the document becoming part of the basis for plaintiff's claims. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). But "the mere mention of the existence of a document is insufficient to incorporate the contents of a document" into the pleadings. *Id*. This single reference, derived from allegations in another suit, constitutes a "mere mention" and does not allow Defendant the opportunity to assimilate the exhibit into its brief.

Finally, the documents are not central to the claims that TSI assisted Defendants in filing suits without substance and compiling fraudulent affidavits. Defendant cannot rely on these documents without converting the motion into one for summary judgment.

# ARGUMENT

I. **Res judicata is not applicable because there is no uniformity between the underlying debt cause of action and the present causes of action for deceptive debt collection and the issue of Defendants assignment status was not "completely, fully, and fairly litigated".**

Res judicata contains two distinct doctrines: (1) issue preclusion; and (2) claim preclusion. Defendant raises both, but neither is applicable. Res judicata (in all its forms) was previously rejected by the Utah District Court under similar circumstances in *Carvana v. MFG Financial, Inc*, 547 F.Supp.2d 1219 (2008). In *Carvana*, a debt collector (MFG) filed a small claims court action and obtained a judgment against a debtor who did not live in the State of Utah, allegedly violating the FDCPA's venue provision. *Id* at 1222. After Carvana filed an FDCPA action in federal court, MFG moved for dismissal under the same res judicata defenses raised by Forsythe. *Id* at 1222-23. Judge Kimball rejected these defenses. *Id* at 1226-227.

Under Utah law, "the cause of action in the present suit must be identical to the one brought in the prior suit" for "the doctrine of res judicata to preclude a subsequent cause of action". *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 28, 16 P.3d 1214, 1221. Two causes of action are not identical if they "rest on a different state of facts and evidence of a different kind or character is necessary to sustain the two causes of action." *Id*. The *Carvana* court found no identity between the two causes of action, concluding "[MSG]'s state proceedings, arising from Carvana's outstanding debt, rest on a different set of facts and require

different evidence than Carvana's federal action as to Defendants' unlawful collection of that debt." *Carvana*, 547 F.Supp.2d at 1226.

The same logic holds here. The evidence necessary to establish Plaintiff's obligation and the total amount owed is distinct from the evidence and facts necessary to establish TSI's liability. There is no identity between the causes of action in the two cases, therefore res judicata cannot bar the present case.

    A. <u>Plaintiff's claims are not barred by issue preclusion.</u>

Issue preclusion fails because the question of NCSLT's ownership of the debt and the validity of the affidavit created by TSI were not "fully litigated" in the underlying debt collection action. Issue preclusion prevents the re-litigation of facts and issues that have been previously determined. *Moss v. Parr Waddoups Brown Gee & Loveless,* 2012 UT 42, ¶ 23, 285 P.3d 1157. This affirmative defense applies if (i) the issues decided in the prior adjudication was identical to the one presented in the instant action; and (ii) the issue in the first action was completely, fully, and fairly litigated. *Id*. Unfortunately for Defendant, the second element is not present. The issues relevant to the present action (whether TSI created a fraudulent affidavit to establish an assignment to NCSLT; whether the evidence establishes NCSLT is the actually assignee of the debt collector; and whether filing debt collection lawsuits without an evidentiary foundation constitutes a deceptive or unconscionable act) were never raised or adjudicated in the underlying debt collection.

And to the extent TSI argues these issues were implicitly raised, they were not completely, fully, or fairly litigated, as no party raised (let alone briefed) these issues.

Adopting the Restatement (Second) of Judgments, the Utah Court of Appeals explained an "issue is actually litigated" when it "is properly raised ... and is submitted for determination, and is determined." *State v. Sommerville*, 2013 UT App 40, ¶ 33, 297 P.3d 665, 675 (citing Restatement (Second) of Judgments § 27 cmt. d). The present issues were not raised, were not submitted for determination, and subsequently were not determined because the case resulted in a default judgment. "Where the previous case was resolved by entry of a default judgment, 'none of the issues is actually litigated,'" so issue preclusion does not apply. *Jenkins-Dyer v. Exxon Mobil Corp.*, 651 F. App'x 810, 818 (10th Cir. 2016); *see also* 50 C.J.S. Judgments § 1049 ("[A] default judgment is not entitled to any issue preclusive effect because nothing was actually litigated".[7]

    B. <u>Plaintiff's claims are not barred by claim preclusion because the debt collection action and present case do not share operative facts and evidence</u>.

In the alternative, TSI argues Plaintiff's case is barred by claim preclusion. Claim preclusion is a doctrine of res judicata that serves to bar claims in subsequent suits where the claim to be barred was presented or "could and should have been presented" in the first suit. *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988). Plaintiff did not raise his claims in the prior suit, therefore claim preclusion rests on whether the claims "should have been presented" in the collection action. *Id*. Plaintiff was not required to raise his

---

[7] Notably, Defendant fails to cite a single case where FDCPA claims (or parallel state claims) premised on deceptive or unconscionable acts committed in a debt collection action were barred by issue preclusion upon entry of a judgment. This is likely because courts have widely recognized that FDCPA claims stemming from the debt collection action are not barred by res judicata. See *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1319 (D. Utah 2019) (FDCPA claims not barred by res judicata); *Carvana v. MFG Fin., Inc*, 547 F. Supp. 2d 1219, 1226 (D. Utah 2008) (not barred by collateral estoppel or issue preclusion); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997) (not barred by res judicata).

claims in the prior suit because: (1) they did not arise prior to the filing of the complaint; and (2) the facts and law necessary to prove the breach of contract claim alleged in the underlying action and the consumer protection claims alleged in the present action are not identical.

To start, a claim can only be barred by claim preclusion if it arose "before the filing of the complaint in the first action". *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 27, 16 P.3d 1214, 1220. Here, none of the claims arose before the filing of the collection lawsuit. All claims, premised on unlawful collection attempts, arose at the earliest once the lawsuit was filed.[8] Plaintiff incurred additional FDCPA and UCSPA claims once TSI's fraudulent affidavit was filed in the collection action – an event after the complaint was filed. Accordingly, the claims cannot be barred by claim preclusion because they did not exist "prior to" the filing of a complaint.[9]

Moreover, Plaintiff was not required to present his claims in the underlying collection because there is no identity of fact or law between the two cases. "*In order for res judicata to apply, both suits must involve* the same parties or their privies and also *the same cause of action*". *Schaer v. State By & Through Utah Dep't of Transp.*, 657 P.2d 1337, 1340 (Utah 1983). In determining whether the requisite identity exists, the courts consider whether the two causes of action "rest on a different state of facts… evidence of a different kind or character is necessary to sustain the two causes of action… [and

---

[8] Plaintiff would argue the claims did not arise until after the complaint was filed because Plaintiff did not become aware of the suit's filing until after the fact. In any case, the cause of action clearly did not arise before the complaint was filed, therefore claim preclusion is inapplicable.

whether] evidence of the two causes of action relates to… two completely different and separate time periods". *Id.*

There is little in terms of relevant shared facts, shared evidence, and shared time periods between the collection action and the present case. The underlying action involved an outstanding balance on a student loan. To succeed on its claim, Defendants needed to establish the four elements of breach of contract: (1) contract; (2) performance; (3) breach: and (4) damages. *Carmichael v. Higginson*, 2017 UT App 139, ¶ 10, 402 P.3d 146, 149. The evidence and facts necessary to establish its case consisted of the agreement between Plaintiff and the original creditor, the charges for services, evidence of non-payment, and the current outstanding balance. The evidence comes from a time-period predating TSI's role as a sub-servicer. Indeed, none of the evidence necessary to prevail on the underlying collection action involves TSI or TSI's actions.

By comparison, Plaintiff's claims solely regard TSI's involvement in the attempt to collect the debt. His claims have nothing to do with the original creditor, the amount outstanding, the service provided, or the outstanding balance. The relevant time-period for this case is the date the suit was filed and the subsequent litigation by Defendants. And while Plaintiff will attack the affidavit TSI created, none of the other evidence or facts produced in the collection suit serves to establish Defendant engaged in unfair and deceptive collection practices. Because there is little shared in terms of facts or evidence, claim preclusion is inapplicable.

Judge Kimball rejected this same defense under similar facts in *Carvana v. MFG Financial, Inc*, 547 F.Supp.2d 1219 (2008). In *Carvana*, a debt collector (MFG) filed a

small claims court action and obtained a judgment against a debtor who did not live in the State of Utah, allegedly violating the FDCPA's venue provision. *Id* at 1222. After Carvana filed an FDCPA action in federal court, MFG moved for dismissal under the same res judicata defenses raised by Forsythe. *Id* at 1222-23. Judge Kimball rejected these defenses. *Id* at 1226-7. The *Carvana* court found no identity between the two causes of action, concluding "[MFG]'s state proceedings, arising from Carvana's outstanding debt, rest on a different set of facts and require different evidence than Carvana's federal action as to Defendants' unlawful collection of that debt." *Carvana*, 547 F.Supp.2d at 1226.

II. **Utah litigation privilege does not apply because: (1) the FDCPA preempts the privilege; (2) the privilege does not apply to statutory claims; and (3) the privilege is inapplicable because Defendants acted in bad faith.**

    a. The FDCPA preempts Utah litigation privilege.

The FDCPA explicitly regulates debt collection litigation. *Heintz*, 514 U.S. at 294. Utah's litigation privilege, on the other hand, protects statements and conduct made in the course of judicial proceedings. *Peterson v. XPO Logistics, Inc.*, 812 F. App'x 754, 757 (10th Cir. 2020). The FDCPA and Utah's litigation privilege are in conflict, so which doctrine prevails? Federal laws preempt contradictory state and local laws under the Supremacy Clause.[10] *Oxygenated Fuels Ass'n v. Davis*, 331 F.3d 665, 667 (9th Cir.2003). Because federal law preempts state law, "[i]t is well-settled law that the judicial

---

[10] Several courts, including this Court, have broadly refused to apply state-law privileges to federal causes of action. *Sorensen v. Polukoff*, No. 2:18-CV-67 TS-PMW, 2020 WL 1692815, at *4 (D. Utah Apr. 7, 2020) (refusing to apply Utah's litigation privilege to federal RICO and DTSA claims and listing similar cases).

proceedings privilege cannot bar claims brought under the FDCPA". *Brown v. Constantino*, No. 2:09CV00357 DAK, 2009 WL 3617692, at *5 (D. Utah Oct. 27, 2009); see also *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1098 (C.D. Cal. 2006); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 92 (D. Mass. 2012), amended in part, 969 F. Supp. 2d 74 (D. Mass. 2013), aff'd in part, rev'd in part and remanded, 775 F.3d 109 (1st Cir. 2014).

      b. <u>Utah's litigation privilege does not apply to statutory claims like the UCSPA.</u>

The Utah Supreme Court has applied litigation privilege to common law claims but has never applied the doctrine to a statutory right such as the UCSPA. In *Brown*, the District Court of Utah rejected a "litigation privilege" defense to a UCSPA claim, finding that litigation privilege is likely limited to common law claims. *Brown v. Constantino*, No. 2:09CV00357DAK, 2009 WL 3617692, at *5 (D. Utah Oct. 27, 2009). Considering the UCSPA is a statutory claim, and that its federal analog the FDCPA governs judicial proceedings, the *Brown* court concluded litigation privilege would not bar liability for unconscionable or deceptive acts committed as part of a judicial proceeding. *Id*.

Courts have reached a similar conclusion with respect to Ohio's litigation privilege and its application to the UCSPA's sister statute: the Ohio Consumer Sales Protection Act (OCSPA). *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 662, 668 (S.D. Ohio 2004) ("[I]t does not appear that the Ohio courts would apply Ohio's absolute litigation privilege to claims brought under the OCSPA."); *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 954 (S.D. Ohio 2005); *Hartman v. Asset Acceptance Corp.*, 467 F. Supp. 2d 769, 780 (S.D. Ohio 2004).

Litigation privilege is inapplicable to the UCSPA and FDCPA because they are statutory claims.

    c. <u>Finally, TSI is not entitled to litigation privilege at this stage of the proceeding where the allegations establish Defendants acted in bad faith during the course of litigation.</u>

Utah law contains a "bad faith" exception to the litigation privilege. *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 37, 285 P.3d 1157, 1166. ("where an attorney has committed fraud or otherwise acted in bad faith, which is inherently 'acting in a manner foreign to his duties as an attorney,' the privilege will not shield an attorney from civil liability)." The 10th Circuit has since expanded the bad faith exception to include parties. *Peterson v. XPO Logistics, Inc.*, 812 F. App'x 754, 757–58 (10th Cir. 2020). Moreover, the bad faith exception to the Utah litigation privilege "does not require the complaining party to formally claim fraud or bad faith". *Id.*

Plaintiff alleges TSI crafted a false affidavit. This is sufficient to trigger the exception to litigation privilege, at least at this stage of litigation. Litigation privilege therefore does not bar Plaintiff's claims.

### III. <u>Plaintiff has suffered a loss as defined under the UCSPA.</u>

TIS further argues for dismissal of the UCSPA claim claiming Plaintiff has not alleged harm. The Utah Consumer Sales Practices Act only requires proof of loss rather than proof of damages. As explained in *Andreason v. Felsted*, the distinction is meaningful because "[t]he term 'loss' necessarily encompasses a broader meaning than the term 'damage.'"2006 UT App 188, ¶ 12, 137 P.3d 1, 4. "Loss [has] a broad and

generic meaning to allow consumers a greater opportunity to recover at least $ 2000 in statutory damages when the UCSPA has been violated. *Id.*

Plaintiff devoted time to determine his options to defend the suit. Compl. at ¶ 84. Even though Plaintiff ultimately elected not to appear (believing TSI could prove his case) the time spent represents a loss. Moreover, the false affidavit prepared by TSI deprived Plaintiff of a potential defense in the suit. This also fits within the broad category of loss.[11] Plaintiff has sufficiently alleged harm as defined by the UCSPA.[12]

IV. **TSI's arguments regarding the FDCPA claim attack the supporting factual allegations and therefore are inappropriate on a motion to dismiss**.

Plaintiff argues TSI violated the FDCPA by forwarding accounts lacking evidentiary support to collection attorneys for litigation and creating false documents, like affidavits, to forward collection efforts. TSI does not argue these allegations, taken as true, would not constitute an FDCPA violation. Rather, TSI argues the allegations are not true, attacking some of the evidence cited by Plaintiffs as inadmissible or wrong. TSI's argument are inappropriate on a motion to dismiss where the Court is required to accept all factual allegations as true. *MC Oil & Gas LLC v. Ultra Res., Inc.*, No. 1:15-CV-0038, 2015 WL 2452923, at *1 (D. Utah May 22, 2015). Defendant's disputes of fact are best

---

[11] Defendant argues Plaintiff's case is really a collateral attack on the collection action and the only loss is the default judgment. References to overturning the judgment in the complaint derive from this case originally being filed in state court, where Utah law allows even a direct attack on a judgment when acquired by fraud. *Redfield v. First Nat. Bank*, 66 Utah 459, 244 P. 210 (1925). The Court is not allowed to entertain such relief under the Rooker-Feldman doctrine, but regardless, Plaintiff has suffered harm outside the judgment.

reserved for summary judgment. *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993).

Plaintiff specifically cites to three sources to support his allegations: (1) allegations made in *In re Nat'l Collegiate Student Loan Trusts Litig.*, 2020 WL 3960334 (Del. Ch. July 13, 2020); (2) a consent judgment between NCSLT 2006-3, its sister trusts, and the CFPB which was ultimately not entered by the district court; and (3) a TSI consent agreement. Defendant attacks these sources as unreliable, inadmissible, or unsupportive of the underlying allegations. Plaintiff, however, is not required to submit evidence to support his allegations at this stage of the pleadings because the allegations are presumed to be true. *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994).

Moreover, Plaintiff only cites to these sources to provide the Court with context. And Plaintiff does not claim these three sources are the only grounds for his allegations. So even if TSI was allowed to attack the allegations on a motion to dismiss, discrediting these sources of information would not, per se, render Plaintiff's allegations false.

It is undisputed that Plaintiff's allegations support an FDCPA claim. And where TSI cannot attack the allegations at this stage, Plaintiff's FDCPA claim must survive the motion to dismiss.

### V. __Filing a debt collection lawsuit can constitute an invasion of privacy.__

TSI asks the Court to dismiss the invasion of privacy case arguing a collection action premised on a false affidavit is, as a matter of law, not highly offensive. Under Utah law, an invasion of privacy claim requires a plaintiff to demonstrate that the intrusion was highly offensive to a reasonable person. *Stein v. Marriot Ownership*

*Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct.App.1997). This determination is "usually within the providence of the jury". *Id* at 379.

And while *Stein* did acknowledge that the Court must make a determination as to whether the conduct was offensive, that standard is applied at summary judgment – not on a motion to dismiss – because the offensiveness of the conduct considers factors which can only be explored through discovery (i.e. "the intruder's motives and objections"). <u>Compare</u> *Stein*, 944 P.2d at 378 <u>with</u> *Reid v. LVNV Funding LLC,* No. 2:14CV471DAK, 2015 WL 926146, at *4 (D. Utah Mar. 4, 2015) (finding application of the *Stein* offensive standard on a motion to dismiss was premature).

Regardless, even if the Court must determine whether TSI's conduct was offensive, this Court has already found deceptive or unconscionable debt collection to sufficiently justify presenting the claim to a jury. *Gallegos v. LVNV Funding LLC*, 169 F. Supp. 3d 1235, 1245 (D. Utah 2016) (invasion of privacy premised on wrongful collection lawsuit survived summary judgment); *Reid v. LVNV Funding LLC*, No. 2:14CV471DAK, 2015 WL 926146, at *4 (D. Utah Mar. 4, 2015) (improper garnishment due to identity theft was sufficient invasion of privacy claim to survive motion for judgment on the pleadings). Plaintiff's claim survives the motion to dismiss.

## VI. <u>Plaintiff stipulates to dismissal of his claim for injunctive relief but asks the Court to dismiss the claim without prejudice for now.</u>

Plaintiff concedes he cannot currently, in good faith, allege a future harm warranting injunctive relief. Plaintiff, however, asks the Court to dismiss his claim for injunctive relief without prejudice. Plaintiff lacks knowledge as to whether Defendants

claim to own any other of this alleged student loans. If so, Plaintiff would be at risk of future harm in the form of another lawsuit.

## **CONCLUSION**

Plaintiff respectfully requests the Court deny TSI's motion to dismiss. Plaintiff stipulates to dismissal of his claim for injunctive relief though asks that dismissal of the claim be without prejudice.

DATED this 31st day of March, 2021.

BACZYNSKI LAW, PLLC

/s/ Daniel Baczynski
Daniel Baczynski
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on this 31st day of March, 2021. I caused a true and correct copy of this **PLAINTIFF'S OPPOSITION TO TSI'S MOTION TO DISMISS** to be served on all parties of record through the Court's electronic filing system to the following:

George W. Burbidge II, #6503
CHRISTENSEN & JENSEN, P.C.
275 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
George.burbidge@chrisjen.com
*Attorney for Transworld Systems Inc.*

Milo Steven Marsden (4879)
Adam C. Buck (12043)
DORSEY & WHITNEY LLP
111 South Main Street, 21st Floor
Salt Lake City, UT 84111
Telephone: (801) 933-7360
marsden.steve@dorsey.com
buck.adam@dorsey.com

/s/     Daniel Baczynski