Bryan C. Shartle (*pro hac vice*, Dkt. 23)
Justin H. Homes (*pro hac vice*, Dkt. 24)
Bradley J. St. Angelo (*pro hac vice*, Dkt. 22)
Sessions, Israel & Shartle, L.L.C.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
bshartle@sessions.legal
jhomes@sessions.legal
bstangelo@sessions.legal

George W. Burbidge II, #6503
CHRISTENSEN & JENSEN, P.C
275 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone: (801) 323-5000
George.burbidge@chrisjen.com

*Attorneys for Defendant Transworld Systems Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **James T. Snarr,** *on behalf of Plaintiff and Class*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**Transworld Systems Inc., U.S. Bank, and National Collegiate Student Loan Trust 2006-3,**<br><br>**Defendants.** | **TSI'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>**Case No. 2:21-CV-00003-HCN**<br><br>**Honorable Howard C. Nielson, Jr.** |

Defendant, Transworld Systems Inc. ("TSI"), submits this Reply Memorandum to the memorandum in opposition filed by plaintiff, James T. Snarr ("plaintiff") [Dkt. 33], and in further support of its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") [Dkt. 28].

1

Plaintiff argues the Court should deny TSI's Motion because it should not consider the documents TSI attached to its Motion or take judicial notice of documents or facts contrary to his allegations, *res judicata* is not applicable to his claims, Utah's judicial proceedings privilege is inapplicable to his FDCPA or UCSPA claims, and filing a debt collection lawsuit constitutes an invasion of privacy.  Plaintiff is wrong, and the Court should grant TSI's Motion.

## I. The Court May Consider The Documents.

In support of its Motion, TSI attached as exhibits: (A) Special Servicing Agreement ("SSA"); (B) Default Prevention and Collection Services Agreement ("TSI Agreement"); (C) documents from the underlying collection action; (D) the Affidavit of TSI employee Aaron Motin upon which plaintiff bases his claims against TSI ("Motin Affidavit"); and (E) the entire allegedly missing schedule of loans identified in the pool supplement that sold, transferred, and assigned plaintiff's loan from the original creditor ("Schedule 1").  Because these exhibits directly contradict plaintiff's decidedly *not* well-pleaded allegations, plaintiff asks the Court to ignore them and argues they are "matters outside the pleadings."  Opposition, Dkt. 33, at pp. 4–5.  However, such documents should be considered on a motion to dismiss.

"In evaluating a Rule 12(b)(6) motion, courts may consider, in addition to the complaint itself, 'an indisputably authentic copy' of a document 'referred to in the complaint' that 'is central to the plaintiff's claim.'"  *Layton v. Experian Info. Sols., Inc.*, 2020 WL 6423835, *2 (D. Utah Nov. 2, 2020) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997)).  Notably, plaintiff does not dispute the authenticity of any of TSI's exhibits, nor identify a single inaccuracy therein.  Rather, he makes the conclusory argument the documents are "matters outside the pleadings" and contends the documents are "not central to the claims that TSI

assisted Defendants in filing suits without substance and compiling fraudulent affidavits." Opposition, Dkt. 33, at p. 5.  Plaintiff is wrong, and the Court may consider the exhibits.

**A.     SSA**

Despite putting the document at issue in the complaint, plaintiff now falsely states "[n]either the SSA nor TSI Agreement is referenced in the Complaint" and that the indisputable reference to the SSA in the complaint is merely a quote from another lawsuit. *Id*. at p. 5.  Plaintiff's argument is disingenuous where he explicitly identified the SSA in that quotation and claims to have investigated the claims, "asserts [they] are accurate," and "reallege[d]" them as his own. Complaint at ¶¶ 12 & 14.

Further, even if the SSA were not central to plaintiff's claims, the Court may still take judicial notice of the SSA where it has been publicly filed previously and is thus a matter of public record. *Armstrong v. JP Morgan Chase Bank Nat. Ass'n.*, 635 Fed. Appx. 909, 911 (10th Cir. Colo. Dec. 14, 2015) (unpublished) ("A court may consider facts subject to judicial notice— including facts that are a matter of public record, *such as documents filed in other litigation*— without converting a motion to dismiss into a motion for summary judgment.") (emphasis added). The SSA was previously filed (and considered by the Court on a motion to dismiss) in *Merrill v. Transworld Systems, Inc*., Case No. 1:20-cv-00183-PLM-SJB (W.D. Mich.), at Dkt. 11-3.  A copy of the SSA as filed therein is attached hereto as **Exhibit 1**.  *See also Merrill v. Transworld Sys., Inc*., 2020 WL 8474736, *4 (W.D. Mich. Dec. 1, 2020) ("When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to its claims.") (citing *Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008)).

### B. TSI Agreement

The Court may consider the TSI Agreement for the same reasons it may consider the SSA. As described in TSI's Motion, the TSI Agreement (identified as "NCO Agreement") is an exhibit to and integral to the SSA (Exhibit II to the SSA). The TSI Agreement was also filed and considered by the court in *Merrill v. Transworld Systems, Inc.*, at Dkt. 11-4. A copy as filed therein is attached hereto as **Exhibit 2**.

### C. State Court Documents

Plaintiff does not object to the underlying state court documents. Regardless, the Court may take judicial notice thereof and consider them on a motion to dismiss. *Anderson v. Herbert*, 2017 WL 9481031, *3 (D. Utah June 16, 2017) ("[I]t is within the court's discretionary authority to judicially notice earlier portions of the same or similar proceedings.") (citing *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

### D. Motin Affidavit

Plaintiff also urges the Court not to "consider TSI's attached assignments because they are 'matters outside the pleadings'." Opposition, Dkt. 33, at p. 5. As made clear in the opposition, the heart of plaintiff's claims against TSI is its alleged participation in "fil[ing] a collection suit against Plaintiff *without the records to substantiate the debt*" and preparing an allegedly "*fraudulent affidavit*." *Id.* at p. 1 (emphasis added). Specifically, plaintiff argues, "[w]hen Defendants *lost or destroyed the necessary records* to substantiate their claims, they lost their ability to pursue litigation as an avenue for collection" and concedes "Defendants may maintain a right to seek payment, and *Plaintiff still may owe the debt*, but Defendants could no longer invoke the judiciary to aid its collection efforts." *Id.* at p. 2 (emphasis added).

Thus, nothing could be more central to plaintiff's claim than the allegedly fraudulent affidavit itself. Yet when faced with *all* of the allegedly "lost or destroyed" documents, plaintiff now asks the Court not to consider them. Again, tellingly, plaintiff does not dispute the authenticity of the affidavit or any of the business records attached thereto, nor does he anywhere identify *a single fraudulent or inaccurate statement* in the affidavit. The Court may consider the affidavit, which is "central to the plaintiff's claim." *Layton*, 2020 WL 6423835 at *2 (citing *GFF Corp.*, 130 F.3d at 1384–85). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id*. That is exactly the case here—the Motin Affidavit and exhibits are dispositive of plaintiff's deficient claims, and the Court may consider them.

Additionally, and as discussed in TSI's Motion,[1] the attached assignments are publicly on file with the Securities and Exchange Commission, and the Court may independently take judicial notice thereof. *See Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 931 fn. 43 (D. Kan. 2014) ("A court may take judicial notice of the SEC's filings because they are a matter of public record.") (citing *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 354 n. 5 (2d Cir.2010)).

Moreover, even if the Court were only to consider the *existence* of the documents attached to the Motin Affidavit, plaintiff's claims must fail where he has not identified anything inaccurate or fraudulent about the documents and primarily alleges such documents *do not exist*. Whether plaintiff owes the loan to NCSLT 2006-3 has already been adjudicated by the state court. And whether the loan documents are missing or not is established by the Motin Affidavit with exhibits and/or on judicial notice of the assignment documents. In sum, the Court may consider the Motin

---

[1] The "2006-3 Pool Supplement Bank One, N.A." public filing is available at https://www.sec.gov/Archives/edgar/data/1223029/000088237706003526/p06-1554ex99_20.htm. Likewise, the "Deposit and Sale Agreement The National Collegiate Student Loan Trust 2006-3" public filing is available at https://www.sec.gov/Archives/edgar/data/1223029/000088237706003526/p06-554ex99_6.htm.

5

Affidavit, and the existence of the documents alone justifies dismissal of plaintiff's Complaint.

**E.    Schedule 1**

In the Complaint, plaintiff alleges the "Loan Schedules" identifying his and other borrower's loans as part of pool supplements selling, transferring, and assigning those loans from the original creditor are missing and otherwise "do not exist." *See* Complaint at ¶¶ 18, 61.  Thus, Schedule 1—the applicable schedule identifying plaintiff's loan as one of the "Transferred Bank One Loans" pursuant to the "2006-3 Pool Supplement Bank One, N.A."—is central to plaintiff's claims.  Plaintiff has not disputed its authenticity, and the Court may thus consider it.  Again, the mere existence of Schedule 1 is sufficient to warrant dismissal of plaintiff's claims.  Further, it corroborates the authenticity of the excerpt thereof attached to the Motin Affidavit.  *Compare* Dkt. 28-6, PageID.739 (BSSN ending -4541, GUARREF ending -5764, etc.) with Dkt. 28-5, PageID.513 (same).  Thus, the "Loan Schedule" is not missing, may be considered by the Court, and justifies dismissal of plaintiff's claims.

**II.    <u>Plaintiff's Allegations Are Not Well Pleaded.</u>**

Plaintiff argues the Court must "accept all factual allegations as true" and urges the Court to ignore any evidence to the contrary.  Opposition, Dkt. 33, at p. 14.  Plaintiff's statement of the law is incorrect.  Rather, "the court will 'accept all ***well-pled*** factual allegations as true and view these allegations in the light most favorable to the nonmoving party.'" *MC Oil & Gas LLC v. Ultra Res., Inc.*, 2015 WL 2452923, *1 (D. Utah May 22, 2015) (emphasis added).  Plaintiff's conclusory allegations are directly contradicted by documents the Court may consider.  And "[m]ere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true." *Exkae Ltd. v. Domo, Inc.*, 2020 WL 7352735, *3 (D. Utah Dec. 15, 2020) (quoting *GFF Corp.*, 130 F.3d at 1385).

Moreover, even if plaintiff's allegations were true (contrary to the indisputable existence of the allegedly missing documents), filing a collection lawsuit without sufficient evidence does not violate the FDCPA. In *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640 (8th Cir. 2021), the Eighth Circuit affirmed the dismissal of an FDCPA claim against a debt collector who allegedly "lacked evidence [of a chain of assignment] sufficient to demonstrate that its client had standing to sue on those debts." *Id.* at 648. Where, as here, the plaintiff did not dispute the debt was owed, but rather that the defendant filed suit without sufficient evidence to meet its evidentiary burden, that court determined there was no FDCPA violation. *Id.* And here, NCSLT 2006-3 *did meet its burden*, as confirmed by the default judgement entered against plaintiff.

Finally, the documents attached to the Motin Affidavit are sufficient evidence as a matter of law to substantiate the loan. *See Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, 2021 WL 673458, at *8 (D. Utah Feb. 22, 2021) (holding similar loan documents sufficient evident to substantiate a loan owned by one of NCSLT 2006-3's sister trusts). For this Court to hold otherwise would nullify the judgment of the state court. *McMurray v. Forsythe Fin., LLC*, No. 1:20-CV-8 TS, 2021 WL 83265, *4 (D. Utah Jan. 11, 2021).

### III.    The Court Should Apply Utah's Judicial Proceedings Privilege.

Plaintiff argues Utah's judicial proceedings privilege is inapplicable to the FDCPA or UCSPA as statutory claims. Plaintiff does not dispute it is applicable to his invasion of privacy claim, and that claim should thus be dismissed. Further, in *Peterson v. XPO Logistics, Inc.*, 812 F. App'x 754 (10th Cir. 2020), cited by plaintiff, the Tenth Circuit reversed this Court's dismissal of that plaintiff's claims—including a *statutory* claim for identity theft under Utah Code § 78B-6-1701—based on application of the privilege because it held the "fraud or bad faith" exception to the privilege applied to parties as well as attorneys. *Id.* at 757. Thus, this Court's decision was reversed on other grounds than the application of the privilege to a statutory claim, and the purpose

of the judicial proceedings privilege supports its application to the UCSPA. As stated by the Utah Supreme Court in *Price v. Armour*, 949 P.2d 1251, 1258 (Utah 1997):

> The whole purpose of the judicial privilege is to ensure free and open expression by all participants in judicial proceedings by alleviating any and all fear that participation will subject them to the risk of subsequent legal actions. There is no reason to distinguish statements that may defame a person from statements that may interfere with that person's business relations. The purpose of the judicial privilege remains the same. Holding that a defamatory statement made during a judicial proceeding is absolutely privileged but then holding that the privilege does not apply to the claim that the statement interfered with a business relation would defeat the very purpose of the privilege and would chill free and open expression in the judicial setting.

While this Court concluded in *Brown v. Constantino*, 2009 WL 3617692 (D. Utah Oct. 27, 2009) that the Utah Supreme Court would likely not bar a UCSPA claim by the privilege, the Utah Supreme Court has yet to affirmatively hold the same in the decade since. TSI submits the application of the privilege is appropriate, particularly where TSI provided the Motin Affidavit as a witness. Additionally, to the extent plaintiff argues his allegations raise the bad faith exception, those allegations are not well-pleaded.

### IV. Plaintiff's Claims Are *Res Judicata*.

Plaintiff also argues *res judicata* should not apply here based on the default judgment because the issues are not identical. Specifically, he argues the elements established as to NCSLT 2006-3's breach of contract claim include only "the agreement between Plaintiff and the original creditor, the charges for services, evidence of non-payment, and the current outstanding balance." Opposition, Dkt. 33, at p. 10. However, for the state court to have entered a judgment *in favor of NCSLT 2006-3*, it must necessarily have found an assignment to NCSLT 2006-3.

Plaintiff's reliance on *Carvana v. MFG Financial, Inc*, 547 F.Supp.2d 1219 (2008) is also misplaced. In *Carvana*, this Court found *res judicata* did not bar an FDCPA claim based on obtaining a judgment in violation of the FDCPA's venue provision. The abusive practice at issue

8

was obtaining a judgment from a court in a state where the defendant did not live nor had signed the underlying agreement. Here, the alleged conduct is whether NCSLT 2006-3 filed suit without documents sufficient to substantiate the student loan. That issue was adjudicated by the default judgment determining *plaintiff owes the loan to NCSLT 2006-3*. Further, and as this Court recently held rejecting a similar argument, "[t]hus, this is not a situation where a claim develops after the initial complaint is filed. Rather, it was the filing of the state court complaint that makes up Plaintiff's claims here. Therefore, they could have and should have been brought in the earlier action." *McMurray*, 2021 WL 83265 at *4.

Additionally, other courts have applied collateral estoppel to similar FDCPA and state law claims on similar circumstances. *See*, *e.g.*, *Merrill*, 2020 WL 8474736 at *5 ("However, this issue was necessarily and conclusively determined when the state courts entered the default judgments against Wilk in the state-court actions.").

### V.     Conclusion.

Consequently, TSI respectfully requests the Court dismiss plaintiff's Complaint with prejudice.

DATED: April 28, 2021            */s/ George W. Burbidge II*
                                                       George W. Burbidge II, #6503
                                                       CHRISTENSEN & JENSEN, P.C
                                                       275 East 200 South, Suite 1100
                                                       Salt Lake City, Utah  84111
                                                       Telephone: (801) 323-5000
                                                       George.burbidge@chrisjen.com

                                                       Bryan C. Shartle (pro hac vice, Dkt. 23)
                                                       Justin H. Homes (pro hac vice, Dkt. 24)
                                                       Bradley J. St. Angelo (pro hac vice, Dkt. 22)
                                                       SESSIONS, ISRAEL & SHARTLE, L.L.C.
                                                       3850 N. Causeway Blvd., Ste. 200
                                                       Metairie, LA 70002-7227
                                                       Telephone: (504) 828-3700
                                                       bshartle@sessions.legal
                                                       jhomes@sessions.legal

                                            bstangelo@sessions.legal

                              ***Attorneys for Transworld Systems Inc.***

<b><u>CERTIFICATE OF SERVICE</u></b>

      I hereby certify that on April 28, 2021, a copy of the foregoing Reply Memorandum was electronically filed with the Clerk of the Court, United States District Court for the District of Utah and served on all parties and counsel of record via CM/ECF.

                                        */s/ George W. Burbidge II*
                                        George W. Burbidge II