Milo Steven Marsden (4879)
Adam C. Buck (12043)
DORSEY & WHITNEY LLP
111 S MAIN ST 21ST FL
SALT LAKE CITY, UT 84111-2176
(801) 933-7360
marsden.steve@dorsey.com
buck.adam@dorsey.com

Albert J. Rota (admitted *pro hac vice*)
JONES DAY
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Attorney for U.S. Bank National Association*

*Attorneys for Defendants National Collegiate Student Loan Trust 2006-3 and U.S. Bank National Association*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES T. SNARR,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEM, INC., U.S. BANK, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,<br><br>Defendants. | **U.S. BANK NATIONAL ASSOCIATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>**(CORRECTED)**<br><br>Case No. 2:21-cv-00003<br><br>**District Judge Howard C. Nielson, Jr.**<br>**Magistrate Judge Dustin B. Pead** |

# TABLE OF CONTENTS

                                                                                                                                 **Page**

I. INTRODUCTION ...................................................................................1

II. ARGUMENT...........................................................................................2

      A.    The Agreements U.S. Bank Submitted With Its Motion to Dismiss Demonstrate That It Cannot Be Liable On An Agency Theory ............................................................................3

            1.    The SSA Is Expressly Referenced in the Complaint and the TSI Agreement Is Incorporated Into the SSA .................5

            2.    The SSA and TSI Agreement Are Central to Plaintiff's Claims Against U.S. Bank .........................................7

      B.    Plaintiff Otherwise Fails To Plausibly Allege Any Unlawful Conduct By U.S. Bank ..................................................................8

            1.    Plaintiff Fails To Allege Any Action U.S. Bank Has Taken To Participate in the Alleged Conspiracy Against Him ........................................................................................8

            2.    Plaintiff Fails To Allege that U.S. Bank Violated His Privacy ..................................................................................11

III. CONCLUSION......................................................................................11

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................... 2, 8, 10

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ................................................................................. 6

*GFF Corp. v. Associated Wholesale Grocers, Inc.*,
   130 F.3d 1381 (10th Cir. 1997) .............................................................................. 5

*Jones v. Midland Funding*,
   656 F. App'x 913 (10th Cir. 2016) ........................................................................ 8

*Lawrence v. Intermountain, Inc.*,
   2010 UT App 313, 243 P.3d 508 ............................................................................ 9

*Layton v. Experian Information Solutions, Inc.*,
   No. 4:20-cv-29, 2020 WL 6423835 (D. Utah Nov. 2, 2020) ................................. 6

*Merrill v. Transworld Sys., Inc.*,
   No. 1:20-cv-00183, 2020 WL 8474736 (W.D. Mich. Dec. 1, 2020),
   *report and recommendation adopted*, 2021 WL 210715
   (W.D. Mich. Jan. 21, 2021) ............................................................................ *passim*

*Mitchell v. Wells Fargo Bank*,
   355 F. Supp. 3d 1136 (D. Utah 2018) ..................................................................... 4

*Moore v. Salt Lake City Corp.*,
   No. 2:16-cv-256, 2017 WL 680395 (D. Utah Feb. 21, 2017) ............................. 11

*Orient Mineral Co. v. Bank of China*,
   506 F.3d 980 (10th Cir. 2007) ................................................................................ 9

*Toone v. Wells Fargo Bank, N.A.*,
    716 F.3d 516 (10th Cir. 2013) .................................................................7, 8

**RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 10

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") submits this reply brief in response to Plaintiff's Opposition to U.S. Bank's Motion to Dismiss (ECF No. 31) ("Opposition") and in support of its Motion to Dismiss (ECF No. 27).

## I.     INTRODUCTION

Plaintiff James T. Snarr brings claims against U.S. Bank for civil conspiracy to violate the Utah Consumer Sales Practices Act ("UCSPA") and invasion of privacy based on a lawsuit filed against him in state court to collect outstanding student loan debt.[1] These claims are misdirected at U.S. Bank because they are premised on the false notion that U.S. Bank has an agency relationship with the parties who owned and attempted to collect the debt.[2] U.S. Bank addressed Plaintiff's misunderstanding using agreements submitted with its Motion to Dismiss—the same agreements that Plaintiff's Complaint relies on for his claims against U.S. Bank. In response, Plaintiff incorrectly asserts that these agreements cannot be considered on a Motion to Dismiss. But Plaintiff does not (and cannot)

---

[1] Plaintiff's Complaint (ECF No. 2) also contains claims for injunctive relief and violation of the Fair Debt Collection Practices Act ("FDCPA"), but Plaintiff has conceded these claims are not pending against U.S. Bank. *See* Opp'n to Joint Mot. to Dismiss 18 (ECF No. 32).

[2] Plaintiff's claims are also invalid for the reasons set forth in Defendants National Collegiate Student Loan Trust 2006-3 and U.S. Bank's Motion to Dismiss (ECF No. 26).

argue that his claims would survive if the agreements are considered. Because Plaintiff's allegations fail to demonstrate how U.S. Bank played any part in the lawsuit that is the basis for his claims, and because no other Defendant is U.S. Bank's "agent" under the agreements, this Court should grant U.S. Bank's Motion to Dismiss.

## II. ARGUMENT

Plaintiff clarifies in his Opposition to U.S. Bank's Motion to Dismiss that his claims against U.S. Bank depend entirely on the nature of U.S. Bank's relationship with the other Defendants. Specifically, he alleges only that U.S. Bank is secondarily liable through an agency or conspiratorial relationship with the other Defendants. Opp. 2 ("As to [U.S.] Bank's liability, Plaintiff alleged it was a participant in the conspiracy and that it is further liable for NCSLT and TSI's conduct under agency principles."). Plaintiff's claims must be dismissed because (1) the agreements U.S. Bank submitted with its Motion to Dismiss demonstrate that neither Transworld Systems, Inc. ("TSI") nor the Trust is U.S. Bank's agent, and (2) any allegations Plaintiff makes regarding U.S. Bank's conspiratorial conduct are conclusory and therefore insufficient to state a claim against U.S. Bank. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth.").

2

### A. The Agreements U.S. Bank Submitted With its Motion to Dismiss Demonstrate That It Cannot Be Liable On An Agency Theory.

Plaintiff generally alleges that U.S. Bank is liable for civil conspiracy and invasion of privacy because TSI, who Plaintiff alleges filed suit against him in state court, is U.S. Bank's agent, and that U.S. Bank was required to monitor and control TSI. Compl. ¶¶ 14–23. As detailed in U.S. Bank's Motion to Dismiss, these conclusory allegations regarding U.S. Bank's relationship with TSI are directly contradicted by the agreements that underlie their relationship. Specifically, the Special Servicing Agreement ("SSA") (ECF No. 27-1) and Default Prevention and Collection Services Agreement ("TSI Agreement") (ECF No. 27-2) demonstrate that TSI is not an agent of U.S. Bank, and that U.S. Bank lacks the requisite control over TSI for vicarious liability. *See* SSA, §§ 8.A, 8.D, 2.B(i), (viii).

Recently, another federal district court dismissed claims against U.S. Bank on nearly identical allegations after considering the SSA and TSI Agreement submitted with U.S. Bank's motion to dismiss. *See generally Merrill et al. v. Transworld Sys., Inc., et al.*, No. 1:20-cv-00183, 2020 WL 8474736 (W.D. Mich. Dec. 1, 2020) (unpublished), *report and recommendation adopted*, 2021 WL 210715, at *1 (W.D. Mich. Jan. 21, 2021) (unpublished). In that case, the magistrate judge concluded that "the SSA . . . underscores the parties' intent that U.S. Bank would not perform debt collection in its role as Special Servicer." *Merrill*, 2020 WL 8474736, at *10.

The district court agreed, stating that "[r]eading the [SSA and TSI Agreement] together supports the conclusion that the parties did not intend U.S. Bank to perform debt collection duties should it become the Successor Special Servicer." *Merrill*, 2021 WL 210715, at *1 (adopting report and recommendation).

For the first time in his Opposition, Plaintiff also argues that U.S. Bank "is liable for the conduct of its agent [the Trust]." Opp. 6. Because no allegation in the Complaint supports this theory and it is factually incorrect,[3] it should be ignored. *See, e.g.*, *Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1155 (D. Utah 2018) ("[B]ecause this theory was not alleged in the Complaint, it cannot survive dismissal.").

In his Opposition, Plaintiff does not challenge U.S. Bank's argument about the relationship between the parties or suggest that the submitted agreements are not authentic, but instead wrongly contends that the SSA and TSI Agreement should be ignored by the Court. Opp. 3–5, 7. In support of this position, Plaintiff asserts that consideration of evidence outside the pleadings on a motion to dismiss is reversible

---

[3] As demonstrated by the SSA and TSI Agreement, U.S. Bank's role with respect to the Trust is Successor Special Servicer—for which it has extremely limited duties—thus the Trust does not act as U.S. Bank's agent. *See* Mot. to Dismiss at 1–3 (ECF No. 27); SSA § 8.A (U.S. Bank assumed only obligations of the initial Special Servicer "to the extent expressly required to be assumed and performed by the Back-Up Special Servicer").

4

error. But a document is not considered to be outside the pleadings—and may therefore "be considered on a motion to dismiss"—if "the document is referred to in the complaint and is central to the plaintiff's claim." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Because the SSA and TSI Agreement are referenced in Plaintiff's Complaint and are central to Plaintiff's claims against U.S. Bank, they may properly be considered.

### 1. The SSA Is Expressly Referenced in the Complaint and the TSI Agreement Is Incorporated into the SSA.

*First*, the SSA is expressly referenced in the Complaint. *See* Compl. ¶¶ 14–15 ("TSI is an agent of U.S. Bank as Special Servicer. *Under the Special Servicing Agreement*, U.S. Bank was responsible for the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans . . . ." (emphasis added) (internal quotation marks omitted)). The TSI Agreement is attached as an exhibit to the SSA and incorporated by reference.

Plaintiff argues that "[n]either the SSA nor TSI Agreement is referenced in the Complaint" because Paragraph 14 "merely quotes allegations" from a complaint in a different case. Opp. 4. This argument is dubious at best. In his Complaint, Plaintiff avers to "reallege" the quoted material, Compl. ¶ 12, and indeed he continues to rely on the quoted material in his Opposition to U.S. Bank's Motion to Dismiss—restating the same allegations he later denies making. *Compare* Opp. 3

5

(citing Complaint at ¶ 14 to state "[u]nder the Special Services Agreement [SSA], U.S. Bank was responsible for" enforcement, collection, and servicing of loans), *with id.* at 4 ("Neither the SSA or TSA Agreement is referenced in the Complaint."). Plaintiff cannot have it both ways.

Further, based on an out-of-circuit case, Plaintiff contends that "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). But in that case, the Ninth Circuit found the document at issue to be "integral" despite *never* explicitly being referenced in the complaint. *See id.* Plaintiff also cites *Layton v. Experian Information Solutions, Inc.*, No. 4:20-cv-29, 2020 WL 6423835 (D. Utah Nov. 2, 2020) (unpublished). In *Layton*, the court considered a document relied on by a defendant's motion to dismiss because, "[r]egardless of whether [the plaintiff] herself personally knew of and intentionally referenced the [document], . . . the Amended Complaint referred to a communication" that typically uses that document. *Id.* at *4. In both cases cited by Plaintiff, the court considered documents not even referenced by the complaint in ruling on a motion to dismiss. The documents expressly referenced by the Complaint here should similarly be considered.

## 2. The SSA and TSI Agreement Are Central to Plaintiff's Claims Against U.S. Bank.

*Second*, the SSA and TSI Agreement are "central" to Plaintiff's claims. Because Plaintiff cannot allege any affirmative conduct by U.S. Bank, his theories of conspiracy liability and vicarious liability are premised on U.S. Bank's contractual relationship to the other Defendants. *See* Opp. 2.

For instance, throughout his Complaint, Plaintiff makes several allegations that directly implicate U.S. Bank's contractual relationship with Defendant TSI, as memorialized in the SSA and TSI Agreement. *See, e.g.*, Compl. ¶¶ 6 (TSI "is a debt collector which acts on behalf of [U.S.] Bank"), 14–15 ("U.S. Bank's duties further included monitoring the performance of Turnstile . . . ."), 16–17, 21–22. Indeed, Plaintiff emphasizes some of these allegations in his Opposition specifically as regarding an alleged principal–agency relationship. *See* Opp. 2–3 (restating that "TSI is an agent of U.S. Bank as Special Servicer" and that "[u]nder the Special Servicing Agreement, U.S. Bank was responsible for the enforcement, collection and servicing" of loans).

Because Plaintiff's Complaint references and directly implicates the SSA and TSI Agreement, those agreements may properly be considered at this stage. And to the extent those agreements contradict Plaintiff's allegations (which they do), the agreements trump the allegations. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d

516, 521 (10th Cir. 2013) (affirming dismissal where "the face of the Note contradicts the [plaintiffs'] allegations"); *Merrill*, 2020 WL 8474736, at *9–10; *Merrill*, 2021 WL 210715, at *1. These agreements belie Plaintiff's allegations here; therefore, Plaintiff's claims against U.S. Bank should be dismissed.[4]

### B. Plaintiff Otherwise Fails To Plausibly Allege Any Unlawful Conduct By U.S. Bank.

In "considering a motion to dismiss" courts can ignore "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Plaintiff's claims fail because his Complaint includes only conclusory allegations that U.S. Bank either participated in the alleged conspiracy or violated his privacy.

#### 1. Plaintiff Fails To Allege Any Action U.S. Bank Has Taken To Participate in the Alleged Conspiracy Against Him.

Plaintiff fails to state a claim for civil conspiracy against U.S. Bank because he cannot plausibly allege that U.S. Bank participated in the alleged conspiracy. Particularly, Plaintiff has not identified any agreement U.S. Bank made in

---

[4] Even if this Court were to convert the Motion to Dismiss to a motion for summary judgment, as Plaintiff argues it must if it considers the SSA and TSI Agreement, *see* Opp'n Br. 3–4, discovery is unnecessary to resolve U.S. Bank's arguments. *See, e.g.*, *Jones v. Midland Funding*, 656 F. App'x 913, 915 (10th Cir. 2016) (unpublished) (concluding that plaintiff was not prejudiced by a lost opportunity to seek discovery because he "fail[ed] to inform [the court] what additional discovery he would have performed or how such additional discovery would have made a difference in the outcome"). Plaintiff has not made a showing that discovery would make a difference in the outcome—nor can he.

connection with the allegedly unlawful conduct against *him* (or otherwise plausibly alleged any conduct by U.S. Bank taken in furtherance of the alleged conspiracy). Nor can he, as U.S. Bank is prohibited from engaging in collection or enforcement activities under the SSA and is not required to "supervise or monitor the performance" of Servicers or Subservicers. *See* SSA §§ 8.A, 8.D; *Merrill*, 2020 WL 8474736, at *9–10. Indeed, any contrary allegation should be disregarded. *See* Part II.A.2, *supra*.

Plaintiff argues that although a claim for civil conspiracy requires "one or more unlawful, overt acts," *see Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 1004 (10th Cir. 2007), "it is not necessary that each member of the conspiracy commit an *unlawful* act in furtherance of the conspiracy to be liable," *see* Opp. 5–6 (emphasis added) (citing *Lawrence v. Intermountain, Inc.*, 2010 UT App 313, ¶ 12 n.4, 243 P.3d 508). This does not, however, supplant the requirement that a defendant *actually agree to and participate in* the conspiracy. *Lawrence*, 2010 UT App 313, ¶ 12 n.4 ("[A] necessary condition to hold someone liable for fraud is that the person 'made the false representations himself, authorized someone to make them for him, or participated in the misrepresentation in some way, such as through a conspiracy.'" (quotation omitted)). Plaintiff not only fails to allege conduct by U.S. Bank that would itself violate the UCSPA, but also fails to plausibly allege that

9

U.S. Bank reached an agreement with the other Defendants concerning Plaintiff or that U.S. Bank took a single action in furtherance of that agreement. Here, Plaintiff's conclusory allegations that U.S. Bank was "in a position to prevent and avoid," "knew of," and "negligently failed to prevent" the "unfair and deceptive practices" generally committed by TSI, *see* Compl. ¶ 16, are insufficient to state a claim for conspiracy.[5] *See Iqbal*, 556 U.S. at 680–81 (holding that "bare assertions" that defendants "knew of, condoned, and willfully and maliciously agreed to subject [the plaintiff]" to unlawful discrimination were "conclusory and not entitled to be assumed true"); *Merrill*, 2020 WL 8474736, at *9 (finding that "bare legal conclusions" regarding relationship between U.S. Bank and TSI were not plausible). Accordingly, Plaintiff's civil conspiracy claim against U.S. Bank should be dismissed.

---

[5] Further, Plaintiff's allegations appear to be premised on his incorrect statement that U.S. Bank, as Indenture Trustee, was "the party responsible for hiring and retaining TSI." Opp'n to Joint Mot. to Dismiss 16. In fact, TSI's predecessor-in-interest was retained by First Marblehead Education Resources, Inc., *not* U.S. Bank. *See* Mot. to Dismiss 2–3. U.S. Bank has no duty to monitor or supervise special servicing activities. *See* SSA §§ 8.A, 8.D.

### 2. Plaintiff Fails To Allege that U.S. Bank Violated His Privacy.

Plaintiff concedes he alleges no conduct by U.S. Bank to invade his privacy. *See* Opp. 2. Because no other Defendant is U.S. Bank's agent, Plaintiff's claim against U.S. Bank for invasion of privacy should be dismissed.

### III. CONCLUSION

A "dismissal under Rule 12(b)(6) for failure to state a claim is generally with prejudice," *Moore v. Salt Lake City Corp.*, No. 2:16-cv-256, 2017 WL 680395, at *2 (D. Utah Feb. 21, 2017) (unpublished), and Plaintiff has made no showing that he could state viable claims against U.S. Bank if granted an opportunity to amend. For the foregoing reasons, the Court should dismiss Plaintiff's Complaint as to U.S. Bank with prejudice.

Dated: April 28, 2021

                                       DORSEY & WHITNEY LLP

                                       /s/ *Adam C. Buck*
                                       Milo Steven Marsden
                                       Adam C. Buck
                                       *Attorneys for Defendants National Collegiate Student Loan Trust 2006-3 and U.S. Bank National Association*

                                       JONES DAY
                                       Albert J. Rota
                                       (admitted *pro hac vice*)
                                       *Attorney for U.S. Bank National Association*

## DUCivR 7-1(b)(2)(A) CERTIFICATE

Pursuant to DUCivR 7-1(b)(2)(A), the undersigned hereby certifies that the text body of the brief is 2,494 words in length, not including the case caption, table of contents, table of authorities, or the signature block and following certificates.

                                         /s/ *Adam C. Buck*
                                         Adam C. Buck
                                         *Attorney for Defendants National Collegiate Student Loan Trust 2006-3 and U.S. Bank National Association*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2021, I filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

        /s/ *Adam C. Buck*
Adam C. Buck
*Attorney for Defendants National Collegiate Student Loan Trust 2006-3 and U.S. Bank National Association*