Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| JAMES T. SNARR,<br><br>  Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC.,<br>NATIONAL COLLEGIATE STUDENT<br>LOAN TRUST 2006-3,<br><br>  Defendants. | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: TRANSWORLD'S DISPOSITIVE MOTION**<br><br>Case No:  2:21-cv-00003-HCN<br><br>Judge:   Howard C. Nielson, Jr. |

  Pursuant to Local Rule DuCivR 7-1(c), Plaintiff hereby gives notice of legal authority relevant to this litigation.

  On April 6, 2022, the Court of Appeals of Oregon issued an opinion in *Nat'l Collegiate Student Loan Tr. 2006-2 v. Gimple*, 318 Or. App. 672 (2022) (attached as Exhibit A). Relevant to the present case, Bank One originated a student loan and National Collegiate Student Loan Trust (NCLST) claimed the current right to collect. Transworld Systems Inc. (TSI) attempted to establish NCSLT's ownership of the debt through an employee affidavit and a schedule of transferred loan (a Roster) – the same technique it used here. The lower court excluded the Roster because TSI's affiant lacked knowledge of Bank One's record keeping techniques and therefore the document was not admissible as a business record.

1

NCSLT appealed, arguing the lower court erred in excluding the Roster by not applying the business record exemption. As here, NCSLT did not claim its affiant had knowledge of Bank One's record keeping practices. Still, NCSLT argued its affiant could lay foundation as a custodian of records for TSI, NCSLT's sub-servicer. The Oregon Court of Appeal disagreed, noting that to lay foundation for a business record, NCSLT would need a person with knowledge about the practices of the business that initially made and kept the record. TSI's affiant could not do so, and the Roster was properly excluded. NCSLT could not establish ownership of the debt.

As explained in Plaintiff's Supplemental Brief, Defendants rely on a Roster to establish Snarr's loan was transferred from Bank One (via Chase Bank) to National Collegiate Funding to National Collegiate Student Loan Trust 2006-3. Setting aside that the Roster is a document created by TSI and not the original Schedule to the Pool Supplement, Defendants could never lay proper foundation for the document under the business record exception because TSI and its affiants lacked knowledge regarding Bank One's, Chase Bank's, National Collegiate Funding, or TERI's (the apparent holder of the Rosters) record keeping practices. Defendants always lacked the ability to establish ownership of the debt.

*DATED this May 3, 2022.*

                                                                        BACZYNSKI LAW, PLLC

                                                                         /s/ Daniel Baczynski
                                                                         Daniel Baczynski
                                                                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this May 3, 2022. I caused a true and correct copy of this **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: TRANSWORLD'S DISPOSITIVE MOTION** to be served on all parties of record through the Court's electronic filing system.

/s/     Daniel Baczynski

# EXHIBIT A

318 Or.App. 672
Court of Appeals of Oregon.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, a Delaware Statutory Trust, Plaintiff-Appellant,

v.

Courtney N. GIMPLE, aka Courtney N. Butler, Defendant-Respondent.

A169887
|
Argued and submitted December 1, 2020.
|
April 6, 2022

**Synopsis**
**Background:** Purported owner of student loan that bank issued to borrower filed claims against borrower for breach of contract and quantum meruit, alleging that borrower failed to make monthly payments under terms of loan agreement. Borrower filed cross-motion for summary judgment. The Circuit Court, Clackamas County, Douglas V. Van Dyk, J., granted the motion. Owner appealed.

**[Holding:]** The Court of Appeals, Egan, C.J., held that affidavit of employee of subservicer for borrower's student loan did not include information about practices of business that initially made and kept borrower's student loan documents, as required for those documents to be admissible under business records exception to hearsay rule.

Affirmed.

West Headnotes (8)

[1] **Appeal and Error**
Generally, when reviewing the trial court's ruling on cross-motions for summary judgment, the Court of Appeals examines whether there are any disputed issues of material fact and whether either party was entitled to judgment as a matter of law.

[2] **Appeal and Error**
The Court of Appeals reviews the trial court's legal conclusions regarding the admissibility of a hearsay statement under an exception to the hearsay rule for legal error.

[3] **Evidence**
Affidavit of employee of subservicer for borrower's student loan did not include information about practices of bank that initially made and kept borrower's student loan documents, and therefore purported owner of loan could not establish that those documents were admissible under business records exception to hearsay rule, in owner's action against borrower for breach of contract and quantum meruit; although employee's affidavit showed that employee had personal knowledge of how subservicer received prior account records and that employee had personal knowledge of business records maintained by subservicer as custodian of records, nothing in those statements purported that employee had knowledge of record making process of bank from which borrower originally obtained loan. Or. R. Evid. 803(6).

[4] **Evidence**
"Hearsay" is an out-of-court statement offered to prove the truth of the matter asserted and is generally inadmissible unless it qualifies under a hearsay exception or is excluded from the category of hearsay. Or. R. Evid. 801(3), 801(4), 802, 803, 804.

[5] **Evidence**
Party seeking admission of hearsay bears the burden of proving that the statements satisfy the requirements of a hearsay exception. Or. R. Evid. 801(4), 802, 803, 804.

**[6]**   Evidence

Business records are admissible, despite being hearsay, because of their unusual reliability, that has been ascribed to the duty of the record keeper to make an accurate record, the actual reliance of the business on the records, and the regular entries and systematic checking which produce habits of precision. Or. R. Evid. 803(6).

**[7]**   Evidence

For a record to be admissible under the business records exception to the hearsay rule, a person with knowledge regarding the record-making practices of the business that created the record must supply testimony that necessarily must include information about the practices of the business that initially made and kept the record. Or. R. Evid. 803(6).

**[8]**   Evidence

For a record to be admissible under the business records exception to the hearsay rule, the requirement that the record be made by, or from information transmitted by, a person with knowledge, ensures that the record is based on first-hand observations. Or. R. Evid. 803(6).

Clackamas County Circuit Court, 18CV03847; Douglas V. Van Dyk, Judge.

**Attorneys and Law Firms**

James Schultz, Florida, argued the cause for appellant. On the briefs were Ashley N. Wydro, Dayle M. Van Hoose, and Sessions, Fishman, Nathan & Israel LLC, and Julie A. Smith and Cosgrave Vergeer Kester LLP.

Nadia H. Dahab, Portland, argued the cause for respondent. Also on the brief were Innovation Law Lab and Christopher J. Mertens and Mertens Law LLC.

Before Mooney, Presiding Judge, and Egan, Judge, and Pagán, Judge.[*]

**Opinion**

EGAN, J.

**\*\*1 \*674** Plaintiff, the National Collegiate Student Loan Trust 2006-2, appeals a general judgment in favor of defendant after the trial court granted defendant's cross-motion for summary judgment on plaintiff's claims for breach of contract and *quantum meruit*. Plaintiff assigns four errors. We affirm without discussion plaintiff's third assignment. We write only to address plaintiff's second assignment, in which plaintiff contends that the trial court erred in excluding two pieces of evidence that plaintiff asserts should have been admitted as business records under OEC 803(6). We conclude that the trial court did not err as to plaintiff's second assignment. Given that resolution, plaintiff's first and fourth assignments also fail. Accordingly, we affirm.

**[1] [2]**   Generally, when reviewing the trial court's ruling on cross-motions for summary judgment, "we examine whether there are any disputed issues of material fact and whether either party was entitled to judgment as a matter of law." *Providence Health Plan v. Allen*, 299 Or. App. 128, 135, 449 P.3d 504 (2019), *rev. den.*, 366 Or. 257, 458 P.3d 1125 (2020). Here, that determination turns on the admissibility of certain hearsay statements. "We review the court's legal conclusions regarding the admissibility of a hearsay statement under an exception to the hearsay rule for legal error." *Morgan v. Valley Property and Casualty Ins. Co.*, 289 Or. App. 454, 455, 410 P.3d 327 (2017), *adh'd to on recons.*, 290 Or. App. 595, 415 P.3d 1165 (2018).

In 2006, defendant applied for and obtained a loan from JPMorgan Chase Bank, N.A. Bank One (Bank One). In November 2007, defendant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court. Defendant's debt was discharged in March 2018. The parties contest whether the loan at issue here was discharged as a part of defendant's bankruptcy.

Approximately 10 years after defendant filed for bankruptcy —in February 2018—plaintiff filed a complaint against defendant in Clackamas County Circuit Court for breach of contract and *quantum meruit*. Plaintiff claimed that, pursuant to "an assignment agreement," it owned defendant's Bank One loan and that defendant had failed to make monthly

payments under the terms of the loan ***675** agreement. Defendant responded to plaintiff's complaint with several affirmative defenses. As relevant here, defendant claimed that plaintiff had "failed to allege facts" sufficient "to show [that plaintiff was the] party in interest entitled to enforce the contract."

Subsequently, after the parties sought admissions and both parties responded to those admissions, plaintiff filed a motion for summary judgment arguing that there was no genuine issue as to any material facts, because defendant "admitted to borrowing, without timely repaying, the funds in question." However, in making that motion, plaintiff acknowledged that defendant had not "admitted * * * that Plaintiff is the correct party to whom she owes repayment of the loan." In support of its motion, plaintiff submitted an affidavit of Jacqueline Jefferis, who explained in her affidavit that she was an employee of Transworld Systems Inc., the Subservicer for plaintiff regarding the educational loan at issue. There were several exhibits attached to the affidavit. To establish that plaintiff was the party that owned defendant's loan, plaintiff attached Exhibit B—the "loan request/credit agreement"—and Exhibit C—the "deposit and sale agreement."[1]

**\*\*2** Exhibit B stated that the original lender was Bank One and that defendant "promise[d] to pay to [the lender's] order, upon the terms and conditions of [the] credit agreement."

Exhibit C put forth the terms of the sale between Bank One and plaintiff. As a part of that exhibit, plaintiff attached a document titled "Pool Supplement." That supplement, which described the transaction between Bank One and plaintiff stated:

> "In consideration of the Minimum Purchase Price, [Bank One] hereby transfers, sells, sets over and assigns to The National Collegiate Funding, LLC * * * each student loan set forth on the attached [transferred Bank One loans]. * * * [The National Collegiate Funding, LLC] in turn will sell the Transferred Bank One loans to The National Collegiate Student Loan Trust 2006-4."

**\*676** Defendant then filed a cross-motion for summary judgment pursuant to ORCP 47 B. Defendant maintained that plaintiff failed to allege facts sufficient to prove that it was the party in interest entitled to enforce the contract. In doing so, defendant asserted that the documents that might support that plaintiff is the party in interest, specifically Exhibit B and Exhibit C, were "inadmissible hearsay not qualifying as business records" because they were "without competent foundation." The court held a hearing on those motions.

**[3]** Plaintiff, in response to defendant's evidentiary argument, asserted that Exhibit B and Exhibit C were business records, admissible as exceptions to the rule against hearsay under OEC 803(6). To establish those exhibits as business records, plaintiff attached a personal affidavit from an employee—Jacqueline Jefferis—of Transworld Systems Incorporated (TSI). In the affidavit, Jefferis stated that TSI is the subservicer for plaintiff's loan. As the subservicer, TSI was the "designated custodian of records for Defendant's education loan. Additionally, TSI maintains the dedicated system of record for electronic transactions pertaining to the Defendant's educational loan, including, but not necessarily limited to, payments, credits, interest accrual and any other transactions that could impact the Defendant's educational loan." Jefferis's affidavit additionally stated:

> "5. I am familiar with the process by which TSI receives prior account records, including origination records from the time the loan was requested and/or disbursed to the Defendant and/or the student's school on their behalf.

> "6. As custodian of records[,] it is TSI's regularly-conducted business practice to incorporate prior loan records and/or documentation into TSI's business records.

> "7. I am further competent and authorized to testify regarding this educational loan through personal knowledge of the business records maintained by TSI as custodian of records, including electronic data provided to TSI related to the Defendant's educational loan, and the business records attached to this Affidavit.

> "8. This lawsuit concerns an unpaid loan owed by Defendant * * * to Plaintiff. Specifically, Defendant entered **\*677** into an educational loan agreement at Defendant's special instance and request. A loan was extended for Defendant to use pursuant to the terms of the loan agreements. Defendant has failed, refused, and/or neglected to pay the balance pursuant to the agreed terms.

> **\*\*3** "9. Educational loan records are created, compiled and recorded as part of regularly conducted business activity at or near the time of the event and from information transmitted from a person with personal knowledge of said event and a business duty to report it, or from information transmitted by a person with personal knowledge of the accounts or events described within the business record. Such records are created, kept,

maintained, and relied upon in the course of ordinary and regularly conducted business activity.

"10. I have reviewed the educational loan records * * *. No payment has been received on this account. * * *. Attached hereto and incorporated as Exhibit 'B' is a true copy of the underlying Credit Agreement/Promissory Note and Note Disclosure Statement. In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original.

"11. The Defendant opened an educational loan with [Bank One] * * *. The Defendant's educational loan was then transferred, sold and assigned to National Collegiate Funding LLC, who in turn transferred, sold and assigned the Defendant's educational loan to Plaintiff, * * * for valuable consideration, in the course of the securitization process. The Defendant's educational loan was in good standing and not in default * * *. Attached hereto and incorporated as Exhibit "C" is a true and correct copy of the Agreement(s) described herein. Said Exhibit contains a redacted copy of the Schedule of transferred loans referenced within the Pool Supplement."

After the court considered the parties' arguments about the affidavit and exhibits, the trial court admitted the affidavit of Jefferis, but rejected plaintiff's argument that Exhibit B and Exhibit C were admissible. The court reasoned that Jefferis was able to "attest to what she's able to attest to." In essence, the court reasoned that, because Jefferis worked for TSI "to perform the duties of subservices," she *678 has knowledge of how TSI "maintains the dedicated system of record for [its] electronic transactions." Specifically, the court explained, she can attest to her "firsthand knowledge" of "[p]ayments, credits, [and] interest accruals." The court stated that what Jefferis did not have firsthand knowledge of was whether the "loan was extended for defendant to use pursuant to the terms of the loan agreements." Thus, her affidavit could not be used to "introduce the contract, because she has no firsthand knowledge of the contract." In sum, the court concluded that Jefferis could not "authenticate" the exhibits, because TSI was not a "party or signor" to the original contract, nor did TSI have firsthand knowledge of the contract.

With those exhibits excluded, the trial court concluded that plaintiff did not provide sufficient facts to support its claim that plaintiff owned the loan. Accordingly, the court granted defendant's cross-motion for summary judgment and denied plaintiff's motion for summary judgment. This timely appeal followed.

On appeal, plaintiff argues that the trial court erred in concluding that Exhibit B and Exhibit C were not admissible as business records under OEC 803(6). Defendant responds that the court properly concluded that Exhibit B and Exhibit C were inadmissible hearsay, because Jefferis could not authenticate the records as required by OEC 803(6).

[4] [5] Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is generally inadmissible unless it qualifies under a hearsay exception or is excluded from the category of hearsay. *See* OEC 801(3) (defining hearsay); OEC 802 (stating that hearsay is not admissible except as provided in OEC 801 to 806); OEC 803 and OEC 804 (setting forth exceptions to the hearsay rule); OEC 801(4) (setting forth exclusions to category of hearsay). The party seeking the admission of hearsay bears the burden of proving that the statements satisfy the requirements of a hearsay exception. *Arrowood Indemnity Co. v. Fasching*, 369 Or. 214, 224, 503 P.3d 1233 (2022) (*Arrowood*).

**\*\*4** [6] As relevant in this case, the "business records exception" to the hearsay rule allows admission of:

  *679 "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness."

OEC 803(6). Such records are admissible, despite being hearsay, because of their " 'unusual reliability,' that has been ascribed to the 'duty of the record keeper to make an accurate record,' the 'actual reliance of the business' on the records, and 'the regular entries and systematic checking which produce habits of precision.' " *Arrowood*, 369 Or. at 224-25, 503 P.3d 1233 (quoting Legislative Commentary to OEC 803(6), *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 803.06[2], 820 (7th ed. 2020)).

Recently, the Supreme Court in *Arrowood* discussed the requirements that must be met for a business record to be admissible under OEC 803(6). In *Arrowood*, the plaintiff

relied on an affidavit by one of its employees to create the necessary foundation to establish records of a loan made to the defendant as business records. That affidavit averred that

> "[a]ll documents attached hereto are either produced and maintained directly by Plaintiff or are documents from [Discover's] proof of claim which are adopted by the Plaintiff and relied upon in the ordinary course of Plaintiff['s] business. These records were made at or near the time of the occurrence or transaction, recorded by a person with knowledge, and as the Plaintiff's qualified custodian of records I affirm that the attachments are true and correct copies of documents maintained by and relied upon by Plaintiff in the ordinary course of its regular business functions."

369 Or. at 218, 503 P.3d 1233. The Supreme Court noted that the employee "did not aver that she had knowledge of the record-making or record-keeping practices" of any of the companies that provided the defendant with the loan. *Id.* Further, "nothing in the affidavit addresse[d] whether the documents were made **\*680** and kept in the regular course of [the loaning companies'] business or whether it was the regular practice of either [of the loaning companies] to make and keep such documents." *Id.*

The Supreme Court, interpreting OEC 803(6) in compliance with the analytical framework of *PGE Co. v. Bureau of Labor and Industries*, 317 Or. 606, 610, 859 P.2d 1143 (1993), and *State v. Gaines*, 346 Or. 160, 171-73, 206 P.3d 1042 (2009), concluded that a party seeking admission of records as a business record under OEC 803(6) must meet the following requirements:

> "The record must (1) describe 'acts, events, conditions, opinions, or diagnoses,' (2) have been 'made at or near the time' of those acts, events, conditions, opinions, or diagnoses, (3) have been made 'by, or from information transmitted by, a person with knowledge,' (4) have been 'kept in the course of a regularly conducted business activity,' and (5) have been made because it 'was the regular practice of that business activity to make' such records."

**\*\*5** *Arrowood*, 369 Or. at 223-24, 503 P.3d 1233 (quoting OEC 803(6)). To use the exception as stated in OEC 803(6), the party seeking admission must "prove that the record it is proffering has each of those characteristics, and the party must do so through 'the testimony of the custodian or other qualified witness.' " *Id.* at 224, 503 P.3d 1233 (quoting OEC 803(6)). Additionally, "even if the party does that, the record will not qualify for the exception if 'the source of information or the method [or] circumstances of preparation indicate lack of trustworthiness.' " *Id.* (quoting OEC 803(6)).

With the context of *Arrowood* in mind, we address the parties' arguments. Defendant argues that Jefferis's affidavit "does not \* \* \* attest to any contemporaneous business duty to record and report to TSI by any actual party" to the transactions documented in the exhibits. Thus, defendant asserts that no "person with knowledge" had attested to whether Exhibit B and Exhibit C were "recorded and reported to TSI in the regular course of business." Plaintiff does not dispute that Jefferis lacks firsthand knowledge of Bank One's record making process. Rather, plaintiff's argument focuses on the role that Jefferis played as the custodian **\*681** of records for TSI, the subservicer for plaintiff. As we under-stand the parties' arguments, the sole issue we must address is whether Jefferis was "a person with knowledge" to establish a foundation to admit Exhibit B and Exhibit C under OEC 803(6).

 [7]  For a record to be admissible under OEC 803(6), a person with knowledge "regarding the record-making practices of the business that created the record" must supply testimony that "necessarily must include information about the practices of the business that initially made and kept the record." *Arrowood*, 369 Or. at 221, 241, 503 P.3d 1233. As the commentary to OEC 803(6) explains, the proponent of evidence is not required

> " 'to produce, or even identify, the specific individual upon whose firsthand knowledge the record is based. A sufficient foundation is laid if the proponent shows that it was the regular practice of the activity to base such a record upon a transmission from a person with knowledge. Thus, in the case of contents of a shipment of goods, it is sufficient to produce a report from the company's computer programmer or a person having knowledge of the particular record system.' "

*Id.* (quoting Legislative Commentary to OEC 803(6), *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 803.06[2] at 822).

Here, as previously noted, plaintiff does not contest the trial court's conclusion that Jefferis had no personal knowledge of Bank One's record making process. Rather, plaintiff argues that Jefferis's role as the custodian of records for TSI is sufficient to establish that Exhibits B and C are admissible as business records under OEC 803(6).

 **[8]** Plaintiff's argument is foreclosed by the rule set forth by *Arrowood*, which requires that the testimony "include information about the practices of the business that initially made and kept the record." 369 Or. at 241, 503 P.3d 1233. Jefferis's affidavit provided evidence that Jefferis had personal knowledge of how "TSI receives prior account records, including origination records from the time the loan was requested and/ or disbursed to the Defendant and/or the student's school on their behalf" and that Jefferis had "personal knowledge of the business records maintained by TSI as custodian of **\*682** records, including electronic data provided to TSI related to the Defendant's educational loan, and the business records attached to this Affidavit." Nothing in those statements, or any other statements in the record, purport that Jefferis had knowledge of the record making process of Bank One. As *Arrowood* emphasizes, "[t]he requirement that the record be made by, or from information transmitted by, a person with knowledge, ensures that the record is based on first-hand observations." 369 Or. at 224, 503 P.3d 1233. Given the insufficient record to show personal knowledge, plaintiff failed to demonstrate the requirements of the business record exception. Accordingly, the trial court did not err in excluding the evidence.

 **\*\*6** In plaintiff's first and fourth assignments of error, plaintiff argues, respectively, that the trial court erred in granting defendant's cross-motion for summary judgment on the basis that defendant's loan had been discharged in bankruptcy, 11 USC § 523(a)(8)(A), and in denying plaintiff's motion for summary judgment on the ground that plaintiff failed to establish ownership and entitlement to enforce defendant's loan. Both of those arguments rely on plaintiff establishing a right to enforce defendant's loan. *See Key West Retaining Systems, Inc. v. Holm II, Inc.*, 185 Or. App. 182, 188, 59 P.3d 1280 (2002), *rev. den.*, 335 Or. 402, 68 P.3d 231 (2003) (concluding that whether a contract exists is a question of law); *see also Enes v. Pomeroy*, 104 Or. 169, 176-77, 206 P. 860 (1922) (concluding that a party lacks standing to enforce a contract in which it has no established interest). Given our resolution of plaintiff's second assignment, the trial court did not err in determining that plaintiff had failed to prove a loan agreement between plaintiff and defendant, so we reject plaintiff's first and fourth assignments. The trial court properly granted summary judgment to defendant.

Affirmed.

**All Citations**

--- P.3d ----, 318 Or.App. 672, 2022 WL 1023088

Footnotes

| | |
|---|---|
| \* | Egan, J., *vice* DeVore, S. J.; Pagán, J., *vice* DeHoog, J. pro tempore. |
| 1 | For purposes of readability, and because it does not affect our analysis, we omit unnecessary capitalization. |

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.